**TEXAS DEPARTMENT OF PUBLIC SAFETY, Petitioner,**

v.

**Farris GENTRY, Respondent.**

**No. A–10250.**

Supreme Court of Texas.

Feb. 3, 1965.

Joe Resweber, County Atty., and Charles J. Wilson, Asst. County Atty., Houston, for petitioner.

Donald Lasof and Charles Coussons, Jr., Houston, for respondent.

PER CURIAM.

Following a determination by the Houston Corporation Court No. 3 that Farris Gentry, respondent, was an habitual violator of the traffic law as defined by Article 6687b, Section 22(b), Vernon's Ann.Tex. Civ.Stat., the Department of Public Safety ordered his driver's license suspended for a period of three months. Respondent appealed to the County Civil Court at Law No. 1 of Harris County, and that court rendered summary judgment upholding the suspension. The Court of Civil Appeals reversed such judgment and remanded the cause for a new trial. 379 S.W.2d 114.

The Court of Civil Appeals held: (1) that the judgments convicting respondent of moving traffic violations can be impeached in this proceeding by showing that he did not appear in open court either in person or by counsel and that there was no forfeiture of bail deposited to secure his appearance in court; and (2) that respondent's affidavit also raises an issue of fact as to whether he is the person who was adjudged guilty of the violation which

occurred on April 4, 1961. We do not agree with either of these conclusions. The first is contrary to our holding in Texas Department of Public Safety v. Richardson, Tex.Sup., 384 S.W.2d 128, and in our opinion respondent's affidavit does not state or even suggest that he is not the person who was charged in the case involving the violation of April 4, 1961.

 This record differs in one significant respect, however, from the one considered in the Richardson case. The motion for summary judgment there was supported by properly authenticated copies of four notices of conviction for moving traffic violations occurring within a period of one year. Since the notices of conviction are admissible in evidence under the provisions of Article 3731a, Vernon's Ann. Tex.Civ.Stat., the authenticated copies thereof were properly before the court on the motion for summary judgment. We held that the notices of conviction would be presumed to reflect the provisions of the respective judgments upon which they were based.

█ The present record does not contain copies of either the notices of conviction or the judgments of conviction. Petitioner's motion for summary judgment is supported only by an affidavit of the Deputy Custodian of Driver Records of the Texas Department of Public Safety. It states that respondent's operating record shows final convictions of four moving traffic violations and gives the date and nature of each violation, that final judgments of conviction have been entered against respondent as evidenced by notices of conviction certified to the Department of Public Safety by the convicting courts in accordance with law, that each of the notices of conviction shows that respondent was assessed and paid a fine and/or costs for the moving violation shown therein, and that the four violations arose out of different transactions in a consecutive period of twelve months. Even if this affidavit would be admissible in evidence, a

question we do not attempt to decide now, it does not purport to be an abstract of the court records covering the cases in which respondent was convicted and therefore cannot be presumed to reflect the terms of the judgments in such cases. It could be and was successfully controverted by respondent's affidavit stating that he did not have four or more convictions arising out of different transactions in a consecutive period of twelve months. In our opinion the Court of Civil Appeals has entered a correct judgment, and the application for writ of error is accordingly Refused, No Reversible Error. Rule 483, Texas. Rules of Civil Procedure.