**William Paul DARROW, Appellant,**

**v.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 3907.

Court of Civil Appeals of Texas.

Eastland.

June 11, 1965.

George T. Thomas, Big Spring, for appellant.

Wayne Burns, County Atty., Big Spring, for appellee.

COLLINGS, Justice.

William Paul Darrow brought this suit in the County Court of Howard County against the Texas Department of Public Safety, appealing from an order of the Department suspending his Texas Operator's License, and in refusing to renew such license. Judgment was rendered sustaining and confirming the action of the department. William Darrow has appealed.

Appellee has filed no reply brief and, in accordance with Rule 419, Vernon's Ann.Tex. Rules of Civil Procedure, we accept as correct the statement made in appellant's brief concerning the facts and record which is hereinafter set out, in substance, in so far as is material and necessary to the disposition of this appeal. Knight v. Texas Department of Public Safety, Tex.Civ.App., 361 S.W.2d 620, and cases cited therein. Some of the facts were also established by evidence introduced and by appellee's request for admissions under Rule 169, which were taken as admitted against the department by an order of the trial court.

The record shows that in April, 1963, the department began proceedings under Section 22 of Article 6687b, Vernon's Ann. Tex.Civ.St., by filing a petition with the Judge of the Corporation Court of the City of San Antonio in Bexar County seeking a finding that appellant was "an habitual reckless or negligent driver of a motor vehicle", upon which the department would then be authorized to suspend appellant's operator's license for a period of not more than one year. The record shows that at all times pertinent appellant's residence was in Big Spring, Howard County, Texas, and that such address was shown on his operator's license at all times since it was issued. It is provided in Section 22(a) of the article that "For the purpose of hearing such cases jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides." No valid reason is shown for the filing of such proceeding in Bexar County rather than in Big Spring, Howard County, the place of appellant's residence and the place of residence shown on his driver's license. No notice of the hearing before the Corporation Court of the City of San Antonio was sent to appellant at his address in Big Spring. Notice of the hearing was sent by regular mail to an address in San Antonio which was neither the place of appellant's resi-

dence nor the place of residence listed on appellant's driver's license. Appellant did not receive such notice and it was returned to the department undelivered. Appellee had no notice either actual or constructive of the hearing before the Judge of the Corporation Court of San Antonio. The hearing was had, however, and based upon an affirmative finding by such Corporation Court the department on May 1, 1963, made its order suspending appellant's operator's license for a period of six months, effective May 1, 1963. The department made no attempt to give appellant notice of the affirmative finding of the Corporation Court and appellant had no notice or knowledge thereof at that time. After the order had been made suspending appellant's operator's license, the department again failed to send any notice thereof to appellant at his address in Big Spring, as required by the statute, but sent such notice by regular mail to appellant at the San Antonio address from which the prior notice of hearing before the Corporation Court had been returned undelivered. The notice of the order of suspension of appellant's driver's license was also returned undelivered to the department. In September of 1963, the department sent to appellant at his Big Spring address as shown on his operator's license the usual postcard renewal application. Appellant received such renewal postcard and returned the application for renewal with his $3.00 fee and it was received by the department prior to the expiration date of his current license. It was then that the department discovered in its files a copy of the order of suspension, returned to the department undelivered from the San Antonio address, and wrote a letter to appellant at his address in Big Spring, dated October 10, 1963, denying renewal of his license on the basis of such suspension and enclosing the copy of the order of suspension which had previously been returned when sent to the San Antonio address. This letter and the enclosed copy of the order of suspension was the first knowledge appellant had of any of the proceedings before the Corporation Court of San Antonio or of the department's order of suspension. On October 17, appellant filed in the County Court of Howard County his appeal from both the suspension and the refusal of renewal based on such suspension.

The department filed a general denial and alleged no factual matters except to assert that the suspension of appellee's operator's license was valid and authorized by the affirmative finding of the Judge of the Corporation Court of San Antonio, and that appellee was in fact "an habitual reckless or negligent driver of a motor vehicle."

At the de novo trial the department took the position that even if the proceedings prior to the filing of appellee's appeal to the County Court of Howard County were wholly void, because same were not instituted in the County of Darrow's residence and because Darrow was not given notice as required by Article 6687b, Section 22(a), still appellee by his appeal invoked the jurisdiction of the County Court of Howard County sufficient to endow that court with the power to make an affirmative finding upon which the defendant's prior suspension could be affirmed, and if the County Court found that appellee was "an habitual reckless or negligent driver" that Court could then make such an affirmative finding which would in retrospect support and affirm the suspension theretofore ordered by the department. See Texas Department of Public Safety v. King, 366 S. W.2d 215, (Sup.Ct.).

■ Article 6687b, Sec. 22, Subdivision (c) provides in part as follows:

"Any licensee who is not willing * * * to abide by the final ruling or decision of the Department suspending said license, * * * may * * *, bring suit in the county court, * * *, of his residence to vacate and set aside said final ruling and decision suspending said license, * * *, and said court shall, * * *, determine the is-

sues in such cause, instead of the Department, upon a trial de novo, and shall be tried the same as if there had been no prior hearing on the matter of suspension of said license and in the same manner as a trial in the county court on appeal from the justice court, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act."

Texas Department of Public Safety v. Richardson, 384 S.W.2d page 128 was a case in which a licensee appealed from a summary judgment of a Dallas County Court at Law upholding an order of the Texas Department of Public Safety suspending his driver's license and in which the licensee complained, among other things, of irregular procedure involving insufficient notice to the licensee of the hearing before the Corporation Court. In that case our Supreme Court held that the de novo hearing in the County Court at Law rendered harmless any defect there might have been in the notice concerning the administrative hearing before the Dallas Corporation Court. We recognize that the defect here involved is that the proceeding was not brought by the Department in the Corporation Court of the county of appellant's residence as required by the statute rather than merely that proper notice was not given in the Corporation Court. However, Section 22, Subdivision (c), supra, specifically provides that a licensee whose license has been suspended may within a designated time bring suit in the County Court of his residence to vacate

the decision suspending his license. That is what appellant did. We are of the opinion that the irregular administrative procedure in the instant case is likewise immaterial to the disposition of this appeal in view of the de novo hearing in the County Court in compliance with the statute.

The Department's allegation and the County Court's findings were that appellant was "an habitual reckless or negligent driver." It is to be noted that the allegations and findings were not that appellant was an habitual violator of the traffic law as contemplated by Subdivision (b)–4 of Section 22.

The question on this appeal then is whether the evidence supports the court's finding that Darrow was an habitual reckless or negligent driver as contemplated by Section 22, Subdivision (b)–3 of Article 6687b. Appellant urges points contending, in effect, that there was no evidence or, in the alternative, insufficient evidence to show that he was "an habitual reckless or negligent driver."

■ No witness testified to any act of appellant showing that he is "an habitual reckless or negligent driver." The principal evidence presented by appellee to show that appellant is "an habitual reckless or negligent driver of a motor vehicle" is composed of certain exhibits, being instruments which appellee offered to prove convictions of appellant of various traffic offenses. Appellee contended in the trial court that such instruments are "notices of conviction" in accordance with the statute and as such are admissible, and that they show that appellant is "an habitual reckless or negligent driver." The exhibits in question were not admissible as "notices of conviction" because they were not certified by the Judge of the Corporation Court as required by Section 152 of Article 6701d, V.A.T.C.S.

Appellee's exhibits 5 through 12 were copies of traffic tickets issued by policemen of the City of Big Spring on forms setting

out a mass of information constituting actual complaints against appellant. In addition to the traffic tickets shown on the front of such instruments there were various blanks on the back, some of which were filled out by check marks, figures and letters with a signature line at the bottom upon which appears the signature of one S. R. Farmer certifying "that the information on this ticket is a true abstract of the record of this court or bureau in this case." Below the signature line is inscribed "Signature of Judge or Clerk." Mr. S. R. Farmer testified that at all times pertinent he was City warrant clerk or clerk of the Corporation Court of the City of Big Spring and that Doris Smith, whose signature was on one of the tickets on the line designated as "Signature of Judge or Clerk", was a clerical employee in the City Traffic Department. Mr. Farmer stated that neither he nor Doris Smith was ever Judge of the Corporation Court of the City of Big Spring.

If the exhibits in question are admissible it is because they constitute records or reports, made by an officer of this State or of any governmental subdivision, or by his deputy or employee as contemplated by Section 1 of Article 3731a, V.A.T.C.S. See Texas Department of Public Safety v. Miller (Sup.Ct.), 386 S.W.2d 760. The testimony of Mr. Farmer probably establishes that he was "a deputy or employee" as contemplated by the statute. Even so, these reports or records, in our opinion, do not show that appellant is "an habitual reckless or negligent driver."

■ In the first place the general rule is that a judgment in a prior case determining issues of fact will not be received as evidence of those facts in a later suit. Pittman v. Stephens, Tex.Civ.App., 153 S.W.2d 314 (Ref.W.M.). It is true that a plea of guilty to the commission of an act which would indicate negligence is admissible as an admission against interest. However, these exhibits, reports or records do not show either a plea of guilty

or a conviction. The portions of the exhibits designated "court action and other orders" show blank places to be filled in after the words "Trial by court (Jury) Plea * * *", and after the words "Finding by the court * * *". Such blank places were filled in by inserting the letter "G" although on some of the exhibits the inserted letter could be an "S". A mere notation on the docket of a justice or Corporation Court may be sufficient to show a judgment. Pullin v. Parrish, Tex.Civ.App., 306 S.W.2d 241; McDermott v. Steck Co., Tex.Civ.App., 138 S.W.2d 1106. However, the record of a plea of guilty or of a conviction should be shown with more certainty than the mere insertion of the letter "G" in a blank. We hold that the appearance of the letter "G" in the designated blank places does not show that appellant entered pleas of guilty to the offenses charged or that he was convicted and found guilty of the offenses. This evidence does not support the holding that appellant is "an habitual reckless or negligent driver."

■ The Department of Public Safety also introduced what purports to be appellant's operating record kept by the department, contending that such operating record shows appellant to be "an habitual reckless or negligent driver." Such operating record of appellant does not purport to be an abstract of court records covering cases in which appellant pled guilty or was convicted. They, therefore, "cannot be presumed to reflect the terms of the judgments in such cases." Department of Public Safety v. Gentry, 386 S.W.2d 758 (Sup.Ct.).

We have considered the evidence in the case as a whole and find that it is insufficient to show that appellant is "an habitual reckless or negligent driver." In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Appellant further contends that the record contains no evidence that he was an habitual or negligent driver, and that the judgment should be reversed and rendered in his favor. Even if appellant's conten-

tion concerning the lack of any evidence to support the judgment should be held correct, we are still of the opinion that the ends of justice would be best served by remanding the case for another trial. It is not clear that the case has been fully developed. Notices or abstracts of judgment may be amended, added to or corrected or properly authenticated by either party to show the facts. Texas Department of Public Safety v. Miller (Sup.Ct.), 386 S.W.2d 760; Department of Public Safety v. Guleke, Tex.Civ.App., 366 S.W.2d 662. It is obvious that the material facts in the instant case are not clearly shown. It may be that upon another trial such abstracts or records of judgment may be corrected, amended or added to so they will clearly show that appellant either did or did not plead guilty to the offenses charged.

For the reasons stated the judgment is reversed and the cause is remanded.