Donald STRICKLAND, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 16676.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 29, 1965.

John Ramfield, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., and George Shaw, Asst. Dist. Atty., Fort Worth, for appellee.

RENFRO, Justice.

The Department of Public Safety, based on an affirmative finding of a justice of the peace that appellant "has committed an offense for which automatic suspension of license is made upon conviction, to-wit: Driving while license suspended," issued its order suspending appellant's license.

After the appellant filed suit in the County Court at Law to set aside the order, the

Department filed a motion for summary judgment supported by an affidavit of an acting Deputy Custodian of the Department of Public Safety, Driver and Vehicle Records Division of the State of Texas, which stated the operating record of appellant showed an affirmative finding was made on May 19, 1964, that appellant was an habitual violator of the traffic law, that on June 1, 1964, appellant's operator license and commercial operator license were suspended for three months, and under date of June 6, 1964, were the words, "Reckless driving, Forest Hills, Texas," and on the same date, "Operating a motor vehicle without a valid Operator License, Forest Hills, Texas." Accompanying the motion for summary judgment were two City of Forest Hills corporation court's complaints which bear the name of the appellant.

Appellant filed a controverting affidavit in which he swore that he had not committed the offense and had not been convicted of the offense of driving while license suspended, and that he had not committed the offense and had not been convicted of the offense of reckless driving and had not committed the offense and had not been convicted of operating a motor vehicle without a valid operator's license.

■ No disposition of the complaints was shown. They bear no certification. It is not shown from where and whom they were obtained. The complaints, without authentication being shown, were sufficiently controverted by appellant to prevent summary judgment being rendered against him. Texas Department of Public Safety v. Gentry, 386 S.W.2d 758 (Tex. Sup., 1964); Darrow v. Texas Department of Public Safety, 392 S.W.2d 785 (Eastland Civ.App., 1965).

■ The affidavit of the acting Deputy Custodian, if admissible, does not purport to be an abstract of the court records covering the cases in which appellant was convicted and therefore cannot be presumed to reflect the terms of the judgments in

such cases. Texas Department of Public Safety v. Gentry, supra.

The record in this case differs materially from that of Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.Sup., 1964), and Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex.Sup., 1964), for in those cases the motion for summary judgment was supported by properly authenticated copies of convictions. It was held that the notices of conviction were admissible under the provisions of Art. 3731, Vernon's Ann.Civ. St., and that the authenticated copies were properly before the court.

Judgment reversed and the cause remanded.