**Joe DZILSKY et ux., Appellants,**

v.

**Gordon CLAYTON, Appellee.**

**No. 11850.**

Court of Civil Appeals of Texas, Austin.

Oct. 27, 1971.

Small, Herring, Craig & Werkenthin, C. C. Small, Jr., Austin, for appellants.

Zimmerman & Rugeley, William M. Rugeley, San Marcos, for appellee.

O'QUINN, Justice.

Gordon Clayton brought this suit against Joe Dzilsky and his wife to recover on a written contract for the construction of a home for the Dzilskys at Wimberley in

Hays County. Under the contract Clayton was to be paid cost of construction plus a fixed fee of $3,500.

Based on findings of the jury, the trial court entered judgment for Clayton in the sum of $3,500, and the Dzilskys have appealed. We reverse the judgment of the trial court and remand the cause for trial.

Clayton sued on the theory that he had fully complied with every term and condition of the contract and that he was therefore entitled to his fee in full. Clayton alleged that "Plaintiff * * * has complied with all of the covenants and conditions in said contract and * * * he has performed as Contractor all of the obligations contained therein. The Plaintiff would show * * * that although he has completed said contract in its entirety and made demand * * * Defendants have failed and refused to comply with the terms of said contract by tendering payment * * * for his services."

No other theory of recovery was pleaded by Clayton, and the trial court submitted the case to the jury on the theory of full compliance with the contract.

The jury found that Clayton "in construction of the building * * * performed all the obligations contained in the contract," and that he was "entitled to a fee of $3,500." The court submitted thirty-five special issues presenting appellants' offensive and defensive theories, including inquiries regarding incomplete and unworkmanlike parts of construction. Because appellants' issues were submitted conditioned on a negative answer to the first issue on compliance, none was answered.

Under two points of error appellants contend there is no evidence to support full compliance and the jury's finding of compliance is against the weight and preponderance of the evidence.

Appellants urge that "The only proof offered by Appellee that he had completed the contract was his own answer to a question propounded by his counsel on direct examination:

"Q  Mr. Clayton, have you complied with the terms of this contract?

"A  Yes, sir."

This testimony was introduced over appellants' timely objection that the answer "* * * is a mere conclusion without showing and setting out in the pleadings how he has performed the contract."

In his brief, "Appellee urges that he did offer other evidentiary proof of his completion of the contract. The subject of the contract was the construction of the house in question and Appellee goes on to testify that he did build the home:

"Q  Did you build the home?

"A  Yes, sir."

*    *    *    *    *    *

"Q  Would you tell the jury, after you commenced on or about the second week in May, whether or not you continued to build the house?

"A  Yes, sir. It was one continuous operation until it was late in the work.

"Q  When did you finish working on the house?

"A  About mid-November; 15th or 16th, somewhere along in there."

The contract between the parties, which Clayton prepared, contained a general description of the house to be built and certain construction specifications. Appellants agreed to pay appellee a fixed fee of $3,500 upon completion of the house, in addition to paying all bills for labor and materials. Appellee agreed to construct and finish the residence to a "turn key" condition in a good and workmanlike manner.

The contract contained an estimate of labor and materials required for construc-

tion of the house in the amount of $18,800.-81. Appellants paid appellee a total of $22,800 and refused further payments until the contract was completed. Appellee brought suit for his fee, and appellants counterclaimed, alleging that a number of requirements of the contract had not been performed, or had been performed in a less than workmanlike manner.

Appellants introduced evidence that in more than a dozen instances the house had not been completed according to contract. Oral testimony of these variances was corroborated by photographs showing some of the conditions complained of. One witness, with more than twenty years' experience in residence construction, who had supervised construction of approximately 7,000 homes, testified at length to defects and imperfections in construction of the house after examining it. The witness, after stating the facts, gave as his opinion that the house was not constructed in good and workmanlike manner, and that a "turn key job" meant, in the case of a residence, "a house ready to live in" which had been completed according to contract.

Appellee introduced no testimony to corroborate his statements that he had complied with the contract, and offered no evidence to refute the testimony introduced by appellants to show incomplete and unworkmanlike aspects of construction. Appellee did not himself testify as to facts tending to show his performance under the contract.

Appellee's testimony that he had complied with the terms of the contract was nothing more than an unsupported opinion which does not constitute evidence of probative force and which will not support a jury finding. Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W. 2d 377 (1956).

If we disregard all evidence adverse to the findings of the jury and consider only the evidence favorable to such findings, and if we indulge every legitimate conclusion that tends to uphold the findings as supported by some evidence, we must conclude thereafter, upon considering all the evidence, that the findings are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

In support of the finding that appellee had fully complied with the contract, other than appellee's conclusion, we have only the testimony of appellee that he "did * * * build the home," that, after he commenced, it "was one continuous operation until it was late in the work," and that he finished "working on the house" some time in November.

Appellants introduced uncontradicted testimony from four witnesses concerning a substantial list of contract variances. Each of the variances shown was a breach of provisions of the contract requiring Clayton to construct a house for appellants in a good and workmanlike manner to a "turn key" condition. The contract variances, unworkmanlike performances, and incomplete work stand unrefuted and against a finding that the contract was fully performed.

The overwhelming weight and preponderance of the evidence shows that appellee's performance of the contract was not complete. The jury's finding that appellee performed all his obligations consequently is clearly wrong and unjust.

The judgment of the trial court is reversed, and the cause is remanded for trial.

Reversed and remanded.