Lem J. WILLIS et ux., Appellants,

v.

Jack B. JENKINS, d/b/a East Texas Water Systems Co., Appellee.

No. 593.

Court of Civil Appeals of Texas, Tyler.

Oct. 28, 1971.

Geary, Brice, Barron & Stahl, Charles W. Spencer, Dallas, for appellants.

William H. Kugle, Jr., Kugle & Douglas, Athens, for appellee.

DUNAGAN, Chief Justice.

This is a case involving the attempted proof of the cost of construction of a private water supply system in Henderson County, Texas. Appellants, plaintiffs in the trial court, brought suit against appellee, defendant below, under a written contract entered into by appellants (as owners of the Carolynn Estates, a subdivision located on Cedar Creek Lake in Henderson County, Texas), and appellee pursuant to which appellee was to construct for appellants a private water supply system to supply the lots in the subdivision.

The case was tried to the court without a jury and judgment entered in appellee's favor for the sum of $7,194.45 from which judgment this appeal is prosecuted. No findings of fact or conclusions of law were made and none was requested.

Appellants are the owners and developers of Carolynn Estates, a residential subdivision on the shores of Cedar Creek Lake located in Henderson County, Texas. Appellee is in the business of supplying treated water systems for residential subdivisions and, in that capacity, entered into a written contract to supply water to each lot in appellants' subdivision.

Appellants brought suit against appellee alleging breach of the construction agreement or contract in various particulars. Subsequent to the filing of the suit, the parties, through their attorneys, entered into a stipulation which was reduced to writing and made a part of the record wherein it was stipulated and agreed: That appellants had invested in the water works system the sum of $17,495.30, appellee would turn over the water system to appellants, and that the reasonable cost of construction of the water works system in question, if such costs exceed $17,495.30, would be paid to appellee, together with the sum of $1,000 for appellee's labor. On the other hand, if the reasonable cost figure developed to be less than the sum of $17,495.30, then in that event the appellee would pay nothing under his cross action, including the $1,000 claim. The issue as to the amount of reasonable costs was to be submitted to the trial court for determination.

Upon the trial of the cause the only testimony on behalf of the appellee was given by the appellee himself.

The appellants have brought forward six points of error; however, their basic complaint is that there is "no evidence" or the evidence in the record is "insufficient" to support the trial court's judgment.

When the assignment is that there is "no evidence", the reviewing court may consider only that evidence, if any, which, viewed in its most favorable light, supports the findings, and we must disregard all evidence which would lead to a contrary result. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957). When the contention is made that the evidence is "insufficient" to support the findings, or the findings are against the great weight and preponderance of the evidence, a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

From the record it is apparent that appellee did assume the burden of proof upon the trial of this case.

Appellee testified that the sum of $26,-284.65, excluding the $1,000 for labor, went into the construction of the water system.

To determine the cost of installing the water works system it was necessary to ascertain how many feet and what particular type of pipe was used. Appellee's testimony as to how many feet of pipe was used in the construction of the system was based upon a plat which he assumed was to scale. That "as far as down on the ground itself * * * I don't believe, unless the plat is not to scale, that I am off over like a 100 feet either way, I would assume."

Appellee does not identify the plat that was being used for his estimate, by whom it was prepared, for what purpose the plat was drawn, nor does he show any indication of the basis for his assumption that it was to scale. The witness was not testifying from his own knowledge but relied upon a plat obviously made by someone else and of which the authenticity of the scale of said plat had not been established. As a matter of fact, the authenticity of the plat had not been established in any respect. See Texas Power & Light Company v. Adams, 404 S.W.2d 930 (Tex.Civ.App., Tyler, 1966, n. w. h.).

It has been held in this state that such unsupported opinions or conclusions of the witness without any basis of fact to show upon what such conclusions rest, are not competent evidence and will not support a jury finding even when admitted without objection. Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W. 2d 377, 380 (1956); Webb v. Reynolds, 207 S.W. 914 (Tex.Com.App., 1919); Campbell v. La Due, 273 S.W.2d 450 (Tex. Civ.App., Dallas, 1954, n. w. h.); State v. Wilson, 439 S.W.2d 134, 139 (Tex.Civ.App., Tyler, 1969, n. w. h.).

Appellee's conclusion that an unidentified plat is drawn to scale, without more, and his computation of footage based on a measurement of that plat does not constitute sufficient evidence to sustain the trial court's judgment. Without competent evidence of the footage to go along with cost per foot, the cost of pipe, trenching and connection, appellee's proof falls far short of that required to sustain the judgment.

Appellee's testimony as to the type of pipe and the footage of each type used in the construction of the water system was based mainly upon what his foreman told him he delivered to be used on this job. In this respect the appellee gave the following testimony:

"Q. Then, it's your testimony that you don't have any personal knowledge of what was installed in this system?

A. Well, I have the knowledge that I have on the pipe end of it, is mainly from what my foreman told me he brought down there.

Q. What do you know of your own personal knowledge, Butch?

A. Myself, I didn't install it myself, so, I actually don't know for certain what was installed.

Q. You don't know for certain what was installed, is that correct?

A. I didn't install it myself, no, I don't, but I will take his word for it. I mean, well, I have to."

This testimony of appellee is strictly hearsay and is without probative force. The well-settled rule of law in this State is that hearsay evidence is incompetent and has no probative value and, even when admitted without objection, will not support a judgment. Aetna Insurance Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376, 379 (1959). Appellee's foreman did not testify.

After a careful consideration of the entire record, we have concluded that the evidence is factually insufficient to support the trial court's judgment.

Therefore, the judgment is reversed and remanded to the trial court for another trial.