John William HINES, Appellant,

v.

Monte NELSON, Appellee.

No. 961.

Court of Civil Appeals of Texas, Tyler.

Feb. 24, 1977.

Rehearing Denied March 10, 1977.

Jerry R. Hoodenpyle, Rohne & Hoodenpyle, Arlington, for appellant.

B. Thomas McElroy, White, McElroy, White & Sides, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a personal injury action arising out of a rear end automobile collision. Plaintiff John William Hines (hereafter called appellant) brought suit against defendant Monte Nelson (hereafter called appellee) for injuries sustained as a result of appellee's employee, Joseph B. Whitefield, causing the tractor-trailer truck which he was driving to collide with the rear end of appellant's automobile while the latter was stopped in obedience to a red traffic signal at an intersection. The case was tried before the court and jury, and upon the findings[1] of the jury a take nothing judgment was rendered for appellee.

After both sides rested, appellant moved for a directed verdict which was denied by the court. After the jury answered the special issues, appellant moved for judgment n.o.v. which was likewise denied by the court. Appellant alleges ten points of error. We reverse and render.

Appellant alleged in its pleadings that the collision which is the basis of this suit was brought about by the negligence and gross negligence of Whitefield while he was acting in the course and scope of his employment for appellee, and that said negligence consisted of failing to keep a proper lookout, driving at an excessive speed, failing to make application of brakes, failing to slow the tractor-trailer truck before approaching the red signal light at the intersection, and in failing to turn his vehicle to the left immediately prior to the collision in question. Appellant also alleged that appellee was negligent and grossly negligent in hiring and in entrusting the tractor-trailer truck to Whitefield, who allegedly was a dangerous, reckless and incompetent driver based on his driving record and reputation. Appellant plead in the alternative that appellee was negligent in failing to maintain an emergency back up brake system for the tractor-trailer, in failing to adequately inspect and maintain the brake system of both the truck and trailer, and in allowing the tractor-trailer to be operated in violation of state and federal regulations regulating the use of such vehicles.

---

1. The jury found that defendant driver Whitefield did not fail to keep a proper lookout; did not "drive at a greater rate of speed than a person using ordinary care would have driven"; did not "fail to make such application of the brakes as a person using ordinary care would have made"; did "fail to turn the defendant's tractor-trailer truck to the left immediately prior to the collision in question"; however, the jury also found that the failure to turn the tractor-trailer truck to the left immediately prior to the collision was not a proximate cause of the collision; did not "follow the vehicle ahead of him more closely than a person using ordinary care would have followed"; and did not "fail to maintain an assured clear distance between the defendant's tractor-trailer truck and the vehicle driven by John William Hines." The jury found that the plaintiff-appellant had been damaged in the total sum of $14,391.43 as a result of the accident.

Defendant answered with a general denial and in the alternative that said collision was the result of an unavoidable accident. It is appropriate to mention here that appellee admitted that the doctrine of respondeat superior applied in relation to his liability for the negligent acts of his driver, Whitefield.

The special issues involved in appellant's points of error are as follows:

"Special Issue No. 1:

On the occasion in question did the defendant's driver, Joseph B. Whitefield:

Answer 'Yes' or 'No' with respect to each of the following:

.         .         .         .         .

(c) Fail to make such application of the brakes as a person using ordinary care would have made?

Answer: No.

(d) Fail to turn the defendant's tractor-trailer truck to the left immediately prior to the collision in question?

Answer: Yes.

.         .         .         .         .

"Special Issue No. 2:

.         .         .         .         .

Was such act or omission a proximate cause of the occurrence in question with respect to:

(d) Failure to turn the defendant's tractor-trailer truck to the left immediately prior to the collision in question?

Answer: No."

No proximate cause issue was answered as to special issue 1(c) since the proximate cause issue was conditional only on the jury answering special issue 1(c) in favor of appellant, which they did not. No negligence issue was submitted as to the jury's affirmative answer to special issue 1(d). The jury did answer that the failure to turn to the left was not a proximate cause of the collision.

The collision in question occurred a few minutes after 12:00 noon on June 5, 1971, a clear and dry day, at the intersection of U. S. Highways 80 and 69 in Mineola, Texas. Highway 80 runs east and west and consists of four lanes with two eastbound and two westbound lanes divided by a center stripe. The two lanes on each side are further divided by white stripe marks. Highway 69, commonly known as Pacific Street, runs north and south, crossing Highway 80 to form an intersection. Highway 69 also has four lanes at the intersection plus two areas on both the east and west sides for angular front-end parking. The intersection is controlled by the usual city traffic light with red, green and amber signal lights.

Appellant was leaving Mineola to return to Arlington, Texas. His route took him west on Highway 80 to its intersection with Highway 69 where he stopped in obedience to the traffic light which was showing the red signal. Appellant's vehicle came to a complete stop in the outside lane next to the curb and was the only vehicle in such lane.

After appellant had been stopped at the light for fifteen to twenty seconds, he was struck from the rear by appellant's tractor-trailer truck driven by Whitefield. Whitefield was in route to Wichita, Kansas. The tractor-trailer truck was loaded with cattle and weighed approximately 70,000 pounds.

Appellant testified that he did not see the tractor-trailer truck approaching from the rear, that "Something just klabloom and hit me, and hit me like a bomb, I didn't know what was happening." After the tractor-trailer truck made contact with appellant's automobile it stayed in contact with the automobile pushing it approximately 120 feet across the intersection of the two highways where it came to rest close to a telephone pole. The tractor-trailer truck left no skid marks at the scene of the collision.

The accident was reported to the Mineola Police Department and at approximately 12:20 P.M. Officer J. W. Certain arrived at the site of the collision to make his investigation. He was not an eyewitness to the collision. After talking to appellant, Officer Certain approached Whitefield and asked for his version of the collision. After speaking with Whitefield, Officer Certain inspected the truck for brakes and determined that at that time there was no air

pressure built up in the braking system. Certain testified that he got in the truck, applied his feet to the brakes and also pulled a lever down on the steering column which worked the brakes on the trailer; that he checked the gauge; that he walked around the truck; that he looked at all the brake lines except the lines under the hood of the tractor-trailer truck; that he saw no lines that were broken or disconnected; and that he did not see any brake fluids spilled on the ground. In writing his accident report, Officer Certain listed "defective brakes" and "Mechanical air brake failure" as factors contributing to the collision.

Appellee's tractor-trailer truck had an emergency back up braking system that was spring loaded and would be activated by a lack of air pressure in the braking system; that if there was little or no air pressure upon application of the manual brakes the spring would automatically activate the brakes and lock the brakes on one trailer axle and all four wheels on the trailer axle. As mentioned earlier the tractor-trailer truck left no skid marks at the scene of the accident.

In order to clear the traffic that was blocked by the collision and after making his investigation, Officer Certain ordered Whitefield to move the truck. Whitefield drove the truck a short distance around the block and parked it in front of the U. S. Post Office. There is undisputed testimony that when Whitefield moved the truck to in front of the U. S. Post Office he did so in the lowest gear; that Officer Certain did not see the truck again that day though he remained on patrol duty until 4:00 P.M. of that day; that Whitefield drove the truck to Wichita, Kansas after the accident and returned from there to McAlester, Oklahoma where appellee maintained his place of business; that Whitefield did not notify his employer, appellee, of the accident. There is no evidence that any repairs were made on the truck before Whitefield drove it to Wichita, Kansas and McAlester, Oklahoma after the accident. Appellee himself testified that the brakes were working properly when Whitefield departed McAlester, Okla-

homa to come to Texas to purchase cattle, said departure taking place the day before the accident. Whitefield did not testify nor was he a party to this action.

■ We shall first consider appellant's points of error three and four, wherein appellant contends that the court erred in overruling his motion for instructed verdict because the evidence proved conclusively as a matter of law that Whitefield was negligent in failing to apply his brakes and that this was a proximate cause of the rear-end collision. Appellant in his brief relies on the case of *Hoey v. Solt,* 236 S.W.2d 244 (Tex.Civ.App.—San Antonio 1951, no writ) wherein it was held:

"It can not be gainsaid that one who fails to stop his automobile in response to a traffic signal, but propels the same into the rear end of an automobile which has stopped in obedience to the signal, is guilty of negligence proximately causing injury or damage unless such conduct is excused by some extenuating circumstance or condition."

Appellee raised the defense of unavoidable accident due to brake failure. If, in fact, the brakes on appellee's tractor-trailer truck had failed due to no person's negligence, this would certainly constitute an "extenuating circumstance" and weigh equally against any presumption of negligence in this case. The burden was on appellant to prove that the occurrence in question was not unavoidable accident. *Sproles Motor Freight Lines v. Juge,* 123 S.W.2d 919 (Tex.Civ.App.—Fort Worth 1938, writ dism'd); *Wichita Transit Co. v. Sanders,* 214 S.W.2d 810 (Tex.Civ.App.—Fort Worth 1948, no writ).

■ We agree with and hold applicable here the ruling in *Hoey v. Solt,* supra, and cite the following cases in support thereof: *Lechner v. Kelley,* 467 S.W.2d 652 (Tex.Civ.App.—Tyler 1971, ref. n.r.e.); *Dallas Transit Co. v. Young,* 370 S.W.2d 6 (Tex.Civ.App.—Dallas 1963, ref. n.r.e.), citing *Hoey v. Solt,* supra. "The circumstances attending a collision may be so strong that, unexplained, the inference of negligence and proximate cause to be drawn from them is

one about which reasonable minds could not differ and, hence, is one of law." *Lovell v. Stanford,* 378 S.W.2d 399, 406 (Tex.Civ.App. —Austin 1964) reversed on other grounds, 386 S.W.2d 755.

Appellees plead unavoidable accident due to brake failure in an attempt to explain the rear-end collision. The only evidence concerning brake failure was the testimony of Officer Certain. Officer Certain testified using the accident report which he prepared after investigating the accident to refresh his memory, although the report itself was not offered into the evidence. Certain testified that he wrote in "mechanical air brake failure" as a factor contributing to the accident report, basing this on his own opinion. Upon cross-examination, Certain testified that his opinion was partially based upon hearsay.

Appellant asserts that the accident report was admittedly based on hearsay and that the court erred in refusing to strike Certain's testimony. Appellee contends that the objection was too general in that it was directed to the entire testimony of Certain rather than to those portions which were based on hearsay.

The record indicates that part of Certain's testimony was based on hearsay and part was based on his own independent knowledge gained after investigation of the collision and inspection of the truck. The trial court properly ruled that Certain could testify to matters based on his own independent knowledge. Certain testified that based on his inspection of the truck it was his opinion that the collision was caused by brake failure on the truck.

On direct examination, Certain testified that he got in the cab of the tractor-trailer truck and pressed the brake pedal and brake lever on the steering column; that he checked what he could based upon what he knew about brakes; that he had a "little" knowledge of air brakes; that he concluded that after the accident there "wasn't any brakes on the truck or wasn't any air built up on the truck"; that it appeared to him that "his [Whitefield's] brakes had went out caused from some failure" and that this was his opinion. On cross-examination Certain testified that he walked around the truck; that he didn't see any broken or disconnected brake lines; that he had never driven trucks with an emergency braking system such as the one on appellee's trucks; that what trucks with air brakes he had driven had been "some time ago"; that he had never investigated an accident involving a truck with such a brake system.

Appellant's counsel failed to inquire as to what parts of Certain's testimony were based on hearsay and what parts were not. Actually, it is evident from the record that Certain considered hearsay and his own independent knowledge in forming his opinion that the brakes had failed. The fact that the opinion of an expert is based partially upon hearsay and partially upon independent knowledge does not render his testimony inadmissible. *Travelers Ins. Co. v. Hutchinson,* 425 S.W.2d 832 (Tex.Civ. App.—Tyler 1968, no writ). This is basically one of appellee's contentions in his brief. However, this case does not reach such a determination because we cannot agree with appellee that Certain qualified as an expert on brakes. Certain's conclusion and opinion that the accident was caused by brake failure was pure conjecture and speculation. Based upon the cursory inspection which Certain made of the truck, and in light of Certain's testimony that he "had a little knowledge of air brakes," his opinion that "his [Whitefield's] brakes had went out caused from some failure" amounted to nothing more than a mere guess by a lay witness that the brakes had failed. As such, his testimony lacked probative value and should not be considered by the jury even when admitted without objection. *Dallas Railway & Terminal Co. v. Gossett,* 156 Tex. 252, 294 S.W.2d 377 (1956); *Willis v. Jenkins,* 472 S.W.2d 600, 602 (Tex.Civ. App.—Tyler 1971, no writ); *Dzilsky v. Clayton,* 472 S.W.2d 603, 605 (Tex.Civ.App.— Austin 1971, no writ); *State v. Wilson,* 439 S.W.2d 134, 139 (Tex.Civ.App.—Tyler 1969, no writ); *City of Houston v. Lakewood Estates, Inc.,* 429 S.W.2d 938, 941 (Tex.Civ. App.—Houston [1st Dist.] 1968, ref'd n.r.e.).

There is no probative evidence in the record that the brakes failed *prior* to the accident. On the contrary the evidence is undisputed that the truck was in good working order; that the brakes were in good condition when Whitefield left McAlester, Oklahoma on June 14, 1971; that Whitefield drove first to Fort Worth, Texas, and then drove to Mineola, Texas where the accident occurred on June 15, 1971; that after the accident Whitefield drove from Mineola, Texas to Wichita, Kansas and then returned to McAlester, Oklahoma in the same tractor-trailer truck. There was no evidence which the jury could consider that any repairs were made to the brake system of the tractor-trailer truck after the accident and before Whitefield drove approximately 475 miles to Wichita, Kansas and then returned to McAlester, Oklahoma.

It is our opinion that the circumstances surrounding the rear-end collision in question give rise to a presumption of negligence as a matter of law. Appellant further proved that said rear-end collision was not due to unavoidable accident caused by brake failure. Accordingly, he is entitled to recover the damages found by the jury, the amount of which appellant does not complain on appeal.

Were it necessary for us to consider appellant's points of error numbers five and six, we would hold that the jury's answers to special issues numbers 1(c) and 2(c) were against the great weight and preponderance of the evidence and remand for new trial on the issues of negligence only.

We find no merit in appellant's points of error numbers seven and eight that as a matter of law Whitefield was negligent in failing to turn his vehicle to the left immediately prior to the accident.

On its face alone, a rear-end collision in which the lead car was stopped at a red light is not proof that the driver of the vehicle approaching from the rear was negligent as a matter of law in failing to avoid the accident by turning or swerving to either side of the lead vehicle. In this case, when appellant was asked by his counsel what was immediately to his left in the next lane, his reply was, "Oh, I didn't—I don't know, not anything." When Officer Certain was asked if he knew of any reason why Whitefield could not have steered his truck to the left and gone around appellant's vehicle Certain replied "I don't know of any." This is the only evidence in the record material to this issue. Appellant contends that this was ample evidence to allow the trial court to find negligence and proximate cause as a matter of law. We disagree.

By the nature of appellant's second amended original petition, he relied on the failure to turn to the left as an independent ground for recovery. The evidence on this ground of recovery hardly establishes negligence such that the question of negligence becomes one of law. See *Texas & N.O.R. Co. v. Burden,* 146 Tex. 109, 203 S.W.2d 522, 528 (1947). The rule in the *Texas & N.O.R. Co.* case ". . . simply means that if reasonable minds can differ as to the inferences and conclusions to be drawn from the undisputed evidence, then the case is one for the jury." *Lechner v. Kelley,* supra. 40 Tex.Jur.2d Rev. "Negligence" sec. 156 (1976).

"Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; . . .." Tex.R.Civ.P. 279. Appellant failed to submit or object to the omission of a special issue on negligence for failure to turn to the left. Even if appellant had, the jury found that the failure to turn to the left was not a proximate cause of the collision. Appellant does not complain of this finding.

Appellant lastly contends that the trial court erred in excluding from evidence the driving record of Whitefield, and that the court erred in refusing to allow appellant's counsel to cross-examine appellee with regard to the driving record. Appellant contends that the driving record was relevant to the issue of negligent entrustment.

The basis of responsibility under the doctrine of negligent entrustment is the

defendant's own negligence in permitting his motor vehicle to become a dangerous instrumentality by putting it into the driver's control with knowledge of the potential danger existing by reason of the incompetence or reckless nature of the driver. *Mundy v. Pirie-Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587 (1948). The following elements must be proven in order to establish the owner's liability under the doctrine of negligent entrustment:

(1) Entrustment by the owner;

(2) Negligence in entrustment to a driver who the owner knows or should have known is a reckless or incompetent driver;

(3) Negligence by the driver on the occasion in question; and

(4) Driver's negligence was the proximate cause of the occurrence in question.

*Mundy v. Pirie-Slaughter Motor Co.,* supra; *Arias v. Aguilar,* 515 S.W.2d 313 (Tex.Civ. App.—Corpus Christi 1974, no writ); *Firestone Fire & Rubber Co. v. Blacksher,* 477 S.W.2d 338 (Tex.Civ.App.—El Paso 1972, no writ).

Appellee contends that since he admitted that the theory of respondeat superior was applicable to this case, appellant could not recover under the theory of negligent entrustment. Appellee thus seems to assert that the theories of respondeat superior and negligent entrustment are mutually exclusive modes of recovery. The cases on this point are conflicting. The distinguishing factor however generally seems to be whether gross negligence was alleged in the pleadings and against who gross negligence was alleged. In this case, appellant alleged gross negligence on the part of Whitefield, the driver, and against appellee, the owner, in entrusting the vehicle to a driver who he knew or should have known was a reckless or incompetent driver. Appellant thus contends that the driving record of Whitefield was admissible in connection with the gross negligence of appellee in hiring Whitefield.

██ In cases involving ordinary negligence of both the driver and owner, the owner's stipulation or admittance that re-

spondeat superior applied would render moot any issue of negligent entrustment since the owner's liability would only extend to liability for damages caused by the negligence of his driver. There would be no separate ground for damages against the owner.

██ In cases involving allegations of ordinary negligence against the driver and gross negligence against the owner for entrusting his vehicle to a reckless or incompetent driver, we feel there would be a separate ground for damages against the owner in the form of exemplary damages.

Appellee cites the case of *Rodgers v. McFarland,* 402 S.W.2d 208 (Tex.Civ.App.— El Paso 1966, ref'd n.r.e.) wherein at page 210 it was stated:

"We see no error in the court's excluding the driving record. It would have been admissible on the issue of negligent entrustment, to establish the liability of the owner for the acts of the driver, but it became immaterial on that issue when the owner admitted liability. Public policy would not permit forcing the parties to try an issue where none existed. The doctrine of negligent entrustment is that the owner of a vehicle who knowingly turns it over to an incompetent driver is liable for wrong committed by such driver. It differs from master-servant or agency relationship, for it is founded in tort—the negligence of the owner in turning the incompetent loose on the public. If, in fact, the owner is negligent, his liability for the acts of the driver is established, and the degree of negligence of the owner would be of no consequence. Thus, in the case before us, the allegation of the owner's gross negligence is no more material than the allegation of his ordinary negligence in the face of his admission of liability for the acts of the driver."

The El Paso court further stated that "When agency and course and scope of employment were admitted, previous conduct became immaterial . . .."

██ Evidence of previous conduct of the driver would be immaterial as to the driv-

er's negligence on the occasion in question. However, appellant here attempted to introduce the driver's driving record in relation to the alleged gross negligence of the owner in entrusting a vehicle to a reckless or incompetent driver. Thus, we think the better rule in this situation is that laid down in the case of *Adams Leasing Co. v. Knighton,* 456 S.W.2d 574 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ), as follows:

> "Were we confronted with appellants' contention it is that an entrustor may not be held liable for gross negligence where the person to whom a vehicle is entrusted is not shown to be guilty of other than ordinary negligence. Such contention has been resolved to the contrary. . . [citing several cases] Nor may a defendant charged with gross negligence in the entrustment of a vehicle preclude proof thereof by stipulating agency on the part of the person to whom such vehicle is entrusted."

The rule is further strengthened by the case of *Union Transports, Inc. v. Braun,* 318 S.W.2d 927 (Tex.Civ.App.—Eastland 1958, no writ) which discussed at length the case law surrounding the liability of an employer for exemplary damages because of the act of an employee if the employee was unfit and the employer was reckless in employing him.

Appellant attempted to introduce Whitefield's driving record solely on the issue of appellee's failure to make a diligent inquiry into the competency of Whitefield.

Appellee asserts that the certified Oklahoma driving record did not show either pleas of guilty or convictions as to any of the offenses shown, nor was there any indication of fault concerning the accidents which were referred to.

■ There is no question that an entrustee's previous driving record or driving habits may show incompetence, recklessness or intemperance. *Revisore v. West,* 450 S.W.2d 361, 364 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). It is also true, as appellee asserts, that a driving record

containing listed violations or accidents in which no indication of guilt or fault is indicated is insufficient to show that the individual concerned was a habitually reckless and incompetent driver. *Darrow v. Texas Department of Public Safety,* 392 S.W.2d 785, 789 (Tex.Civ.App.—Eastland 1965, no writ). The driving record failed to show that Whitefield was a reckless driver; therefore, it should not be used for purposes indirectly seeking to establish the same.

Appellant specifically states in his brief that he does not appeal the jury's findings of damages. Since appellant sought remand only in the alternative to a reversal and rendition, and since no complaint is made of the jury's findings as to damages, in light of our ruling above that the facts of this case constituted negligence as a matter of law, we hereby reverse the judgment of the trial court and render judgment that appellant John William Hines recover damages from appellee Monte Nelson for personal injuries and for damages to his automobile in the total amount of $14,391.43 as found by the jury, plus interest at the rate of 9% from the date of the judgment of the trial court. Art. 5069–1.05, Tex.Rev.Civ. Stat.Ann.

Reversed and rendered.