**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Nathaniel John DAVIS, III, Appellee.**

**No. 01–83–00841–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 1984.

Roderick Q. Lawrence, Houston, for appellant.

Jimmy James, Houston, for appellee.

Before DOYLE, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal by the Texas Department of Public Safety (the "DPS") from a county court at law judgment finding that appellee is not a habitual violator of the traffic laws and refusing to suspend his Texas Operator's License.

The City of Houston Municipal Court No. 5 made an affirmative finding that appellee was a habitual violator of the traffic laws of the State of Texas as defined in art. 6687b, sec. 22(b)(4), Tex.Rev.Civ.Stat.Ann. (Vernon 1975), ordered suspension of his Texas Operator's License for a period of twelve months, and probated the suspension for that period. Appellee appealed this judgment to the County Civil Court at Law No. 4 of Harris County, Texas, and was granted a trial *de novo* pursuant to art. 6687b, sec. 22(c).

At trial, the DPS introduced into evidence a certified copy of the appellee's driving record, as shown by the files of the Driver and Vehicle Records Division of the Texas Department of Public Safety. This record was certified by Vernon Cole, Manager, Driver Improvement and Control, Driver and Vehicle Records Division of the Texas Department of Public Safety, and stated in pertinent part that "notices of conviction ... [had] been received and recorded" by the DPS for the following moving violations:

Date of offense 05–28–81 for SPEEDING WALKER CO convicted on 06–09–81 JP Court Prct 1 Pl 0 Docket Number 0000007843

Date of offense 07–22–81 for SPEEDING BROOKSHIRE convicted on 08–26–81 Municipal Court, Docket Number 0000024484

Date of offense 08–12–81 for SPEEDING HOUSTON convicted on 10–30–81 Municipal Court number 7A, Docket Number 81259616

Date of offense 04–11–82 for SPEEDING WALKER CO. convicted on 11–10–82 JP Court Prct 1 Pl 0 Docket Number 0000014071

As the basis for suspension of appellee's license, the DPS relied in its pleadings and proof upon these four convictions. The DPS also introduced a form DL–18, "Notice of Final Conviction for Traffic Law Violation," certified by Mary E. Gates, Justice of the Peace, Precinct 1, Walker County, as a true and correct abstract of judgment of conviction of appellee on November 10, 1982, Docket No. 14071, Walker County, Texas.

Both appellant and appellee offered, and the court received into evidence, copies of the pages from the docket book of the Walker County Justice of the Peace Court, Precinct One, for docket numbers 7843 and 14071. Appellee offered, and the trial court received into evidence, an affidavit signed by Judge Gates which stated that the court's official records of complaints and judgments show "that no competent evidence exists of convictions of Nathaniel John Davis, III."

The DPS called as a witness Walter Cooksey, the former Justice of the Peace of Precinct 1, Walker County, who testified that the two docket book pages, with the entries thereon, were "records of convictions" for the two offenses charged because the fine for each had been mailed in and a plea of nolo contendere entered. The appellee called as a witness Judge Gates, who testified that, in her opinion, there was no valid judgment on the docket sheets to support the judgment of guilty noted on the Form DL–18, Notice of Final Conviction, forwarded by the Justice of the Peace to the DPS.

■ We agree with appellant's argument that Judge Gates' statements that the docket sheet and its entries are "no competent evidence" of appellee's convictions, and "that no competent evidence exists of convictions of [appellee]", were her opinion statements and legal conclusions, and of no probative value. For the same reasons, former Judge Cooksey's testimony as to the effect of the docket sheets and the entries upon them was also his opinion and a legal conclusion only, and equally lacking in probative value. We note from the statement of facts that the trial judge indicated that he was "not considering what she [Judge Gates] said" in assessing the legal consequences of the docket sheets.

At the conclusion of the *de novo* trial, the county court at law entered its judgment that appellee was not a habitual violator of the traffic laws. The DPS urges four points of error on appeal.

Appellant's first point of error asserts that the trial court erred in failing to accept as prima facie evidence the notices of conviction filed with the DPS pursuant to art. 6701d, sec. 152, Tex.R.Civ.Stat.Ann. (Vernon 1977). The DPS's theory was that it made a prima facie case by proof of four final convictions for moving traffic offenses within a one year period, and that the appellee failed in any manner to rebut the prima facie proof.

In determining the basis of the judgment, we are faced at the outset with a record that contains no findings of fact or conclusions of law. In such a posture, we must affirm the trial court's judgment if it can be upheld on any legal theory supported by the evidence. *Goodyear Tire & Rubber Co. v. Jefferson,* 565 S.W.2d 916 (Tex.1978). Where no findings are made, all questions of fact are presumed to have been decided in support of the judgment. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex. 1978).

Art. 6701d, sec. 152(a) requires every magistrate or judge of a court not of record to keep "a full record of every case in which a person is charged" with a violation of the traffic laws. Sec. 152(b) requires the magistrate or judge, within ten days after conviction for such an offense, to prepare an abstract of the record, certify it as being true and correct, and forward it to the DPS. The abstract is to be made on a form furnished by the DPS. Art. 6701d, sec. 152(c). Once such notices of conviction are certified and forwarded to the DPS, they become abstracts of judgment and are admissible as prima facie evidence of the matters stated therein under the express provisions of art. 3731(a), sec. 1, Tex.Rev. Civ.Stat.Ann. (Vernon Supp.1983) (now Tex.R.Evid. 901(b)(7)). *Drake v. Texas Department of Public Safety,* 393 S.W.2d 320 (Tex.Civ.App.—Houston [1st Dist.] 1965, writ ref'd n.r.e.).

When a person's driving record shows that the driver was convicted of four or more moving violations of the traffic laws arising out of different transactions in a consecutive twelve-month period, the DPS may, after a proper hearing, obtain a suspension of the person's operator's license. Tex.Rev.Civ.Stat.Ann. art. 6687b, sec. 22(b)(4) (Vernon Supp.1984).

Even if the suspension is appealed, the DPS may rely on the duly certified abstracts of judgment to provide a prima facie presumption of conviction, which may not be ignored by the trial court unless the conviction was previously successfully challenged by direct attack or in a habeas cor-

pus proceeding. *Texas Department of Public Safety v. Casselman,* 417 S.W.2d 146 (Tex.1967).

However, the record in the instant case does not contain copies of three of the four certified DL-18 Notice of Conviction forms for the moving traffic violations relied upon for suspension, and for which an admission predicate was laid by the DPS record custodian's affidavit.

As evidence that the appellee has been convicted of four moving traffic violations within one year, the DPS relies for its prima facie case upon (1) the affidavit of the record custodian of the DPS, Vernon Cole, as to appellee's driver's record; (2) one certified DL-18 form reporting a conviction in Cause No. 14071; and, (3) copies of the docket sheets from the Docket Book of Justice Court, Precinct 1, Walker County, for Cause No. 14071 and 7843.

While the DPS record custodian's affidavit states that appellee's driver's record on file with the DPS shows that notices of conviction for the listed moving violations have been received and recorded, the affidavit does not purport to be an abstract of the court records covering the cases in which the appellee was convicted, and cannot be presumed to reflect the terms of the judgments rendered in such cases. *Texas Department of Public Safety v. Gentry,* 386 S.W.2d 758, 760 (Tex.1965). Therefore, the evidence fails to establish the requisite four moving traffic violations on which the suspension of appellee's license as a habitual violator can be based, and the trial judge was justified in rendering his judgment on this theory. Appellant's first point of error is overruled.

In its second, third, and fourth points of error, the DPS urges that the court erred (1) in allowing the appellee to collaterally attack the judgments of conviction; (2) in finding that the two Walker County judgments of conviction were nonexistent; and, (3) in failing to apply the provisions of art. 27.14 of the Texas Code of Criminal Procedure. Because the record supports the judgment on the basis that the court found

no initial proof of four final convictions within one year, and hence no prima facie case by the appellant DPS, we are unable to say that the trial court's judgment was based on any of three argued bases. Appellant's points of error 2, 3, and 4 are overruled.

The judgment is affirmed.