IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-418-CR





BOBBY JOE GENTILE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,080, HONORABLE JOE CARROLL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated, felony offense. Tex.
Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). The district court assessed punishment,
enhanced by two previous felony convictions, at imprisonment for thirty-four years.

 In order to convict appellant of this offense, the court's charge required the jury
to find that he had been finally convicted of driving while intoxicated in five causes: Bell County
cause number 32,246; Bell County cause number 2C8148678; Burleson County cause number
7732; Bell County cause number C7321622; and Burleson County cause number 7627. In five
points of error, appellant challenges the legal sufficiency of the evidence with respect to each of
these previous convictions. See Boozer v. State, 717 S.W.2d 608, 610-11 (Tex. Crim. App.
1984). In deciding this question, we determine whether any rational jury could have found that
appellant had been so convicted. Jackson v. Virginia, 443 U.S. 307 (1979); Human v. State, 749
S.W.2d 832, 834 (Tex. Crim. App. 1988).

 To prove the previous convictions, the State introduced without objection a certified
abstract of appellant's driving record prepared by the custodian of driver records of the
Department of Public Safety. See Tex. Rev. Civ. Stat. Ann. art. 6701h, § 3 (West Supp. 1993). 
This document states that the department has received notices of appellant's conviction for driving
while intoxicated in the five causes listed above. The State did not introduce copies of the
judgments from the previous convictions or any other evidence that would support a finding that
appellant had been finally convicted in the five prosecutions in question. The State argues that
further proof was not necessary, noting that the department maintains driver records based on
reports of final convictions received from convicting courts. See Tex. Rev. Civ. Stat. Ann. art.
6687b, § 25(b), (c) (West Supp. 1993).

 It has been held that a certified driver record can be employed to identify the
accused as the person convicted of the offenses therein listed. Chamblee v. State, 376 S.W.2d
757 (Tex. Crim. App. 1964); Tennison v. State, 327 S.W.2d 575 (Tex. Crim. App. 1959). In
these cases and others to the same effect, however, the previous convictions were themselves
proved by certified copies of the judgments of conviction. The State refers us to no opinion
holding that a certified abstract of the defendant's driving record is alone legally sufficient to
prove the existence of previous final convictions.

 The certified copy of appellant's driving record proves only what it purports to
prove: that the department has received the listed notices of conviction. It does not purport to
be an abstract of the court records covering the cases in which appellant was convicted and cannot
be presumed to reflect the terms of the judgments in those cases. Texas Dep't of Pub. Safety v.
Gentry, 386 S.W.2d 758, 760 (Tex. 1965); Texas Dep't of Pub. Safety v. Davis, 680 S.W.2d 875,
878 (Tex. App.--Houston [1st Dist.] 1984, no writ). The State argues that Gentry is
distinguishable because it was an appeal from a summary judgment in a driver's license
suspension case in which the defendant filed a controverting affidavit denying the alleged
violations. The State does not explain why this distinction should render inapplicable the Gentry
court's holding with respect to the evidentiary value of a certified driving record. Appellant
pleaded not guilty, and the State bore the burden of proving beyond a reasonable doubt that he had
been finally convicted in the five previous causes. We hold that the abstract of appellant's driving
record alone is not legally sufficient to satisfy this burden. 

 Appellant's mother testified that, to her knowledge, appellant had two previous
convictions for driving while intoxicated. This testimony is also insufficient to satisfy the State's
burden of proof under the court's charge. The five points of error are sustained.

 The evidence is sufficient to sustain a conviction for the lesser included offense of
driving while intoxicated, first offense. The court's charge did not, however, authorize
appellant's conviction for the lesser offense. See Thorpe v. State, 831 S.W.2d 548, 552 n.1 (Tex.
App.--Austin 1992, no pet.).

 The judgment of conviction is reversed and reformed to reflect an acquittal.



[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Reformed 

Filed: February 24, 1993

[Publish]