Bobby Joe GENTILE, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–92–418–CR.

Court of Appeals of Texas, Austin.

Feb. 24, 1993.

James H. Kreimeyer, Belton, for appellant.

Arthur Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

---

1. A copy of the note is in the record, but is illegible.

PER CURIAM.

A jury found appellant guilty of driving while intoxicated, felony offense. Tex.Rev. Civ.Stat.Ann. art. 6701*l*-1 (West Supp. 1993). The district court assessed punishment, enhanced by two previous felony convictions, at imprisonment for thirty-four years.

In order to convict appellant of this offense, the court's charge required the jury to find that he had been finally convicted of driving while intoxicated in five causes: Bell County cause number 32,246; Bell County cause number 2C8148678; Burleson County cause number 7732; Bell County cause number C7321622; and Burleson County cause number 7627. In five points of error, appellant challenges the legal sufficiency of the evidence with respect to each of these previous convictions. *See Boozer v. State,* 717 S.W.2d 608, 610–11 (Tex.Crim.App.1984). In deciding this question, we determine whether any rational jury could have found that appellant had been so convicted. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Human v. State,* 749 S.W.2d 832, 834 (Tex.Crim.App.1988).

To prove the previous convictions, the State introduced without objection a certified abstract of appellant's driving record prepared by the custodian of driver records of the Department of Public Safety. *See* Tex.Rev.Civ.Stat.Ann. art. 6701h, § 3 (West Supp.1993). This document states that the department has received notices of appellant's conviction for driving while intoxicated in the five causes listed above. The State did not introduce copies of the judgments from the previous convictions or any other evidence that would support a finding that appellant had been finally convicted in the five prosecutions in question. The State argues that further proof was not necessary, noting that the department maintains driver records based on reports of final convictions received from convicting courts. *See* Tex.Rev.Civ.Stat.Ann. art. 6687b, § 25(b), (c) (West Supp.1993).

It has been held that a certified driver record can be employed to identify the accused as the person convicted of the offenses therein listed. *Chamblee v. State,* 376 S.W.2d 757 (Tex.Crim.App.1964); *Tennison v. State,* 168 Tex.Crim. 354, 327 S.W.2d 575 (Tex.Crim.App.1959). In these cases and others to the same effect, however, the previous convictions were themselves proved by certified copies of the judgments of conviction. The State refers us to no opinion holding that a certified abstract of the defendant's driving record is alone legally sufficient to prove the existence of previous final convictions.

■ The certified copy of appellant's driving record proves only what it purports to prove: that the department has received the listed notices of conviction. It does not purport to be an abstract of the court records covering the cases in which appellant was convicted and cannot be presumed to reflect the terms of the judgments in those cases. *Texas Dep't of Pub. Safety v. Gentry,* 386 S.W.2d 758, 760 (Tex.1965); *Texas Dep't of Pub. Safety v. Davis,* 680 S.W.2d 875, 878 (Tex.App.—Houston [1st Dist.] 1984, no writ). The State argues that *Gentry* is distinguishable because it was an appeal from a summary judgment in a driver's license suspension case in which the defendant filed a controverting affidavit denying the alleged violations. The State does not explain why this distinction should render inapplicable the *Gentry* court's holding with respect to the evidentiary value of a certified driving record. Appellant pleaded not guilty, and the State bore the burden of proving beyond a reasonable doubt that he had been finally convicted in the five previous causes. We hold that the abstract of appellant's driving record alone is not legally sufficient to satisfy this burden.

■ Appellant's mother testified that, to her knowledge, appellant had two previous convictions for driving while intoxicated. This testimony is also insufficient to satisfy the State's burden of proof under the court's charge. The five points of error are sustained.

The evidence is sufficient to sustain a conviction for the lesser included offense of driving while intoxicated, first offense. The court's charge did not, however, autho-

rize appellant's conviction for the lesser offense. *See Thorpe v. State,* 831 S.W.2d 548, 552 n. 1 (Tex.App.—Austin 1992, no pet.).

The judgment of conviction is reversed and reformed to reflect an acquittal.