IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-578-CR


NO. 3-94-579-CR


AND


NO. 3-94-580-CR




LEE ALBERT SHAW,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF COLLIN COUNTY, 296TH JUDICIAL DISTRICT



NOS. 296-81297-93, 296-81298-93 & 296-81299-93 



HONORABLE VERLA SUE HOLLAND, JUDGE PRESIDING


 




PER CURIAM

 Three indictments accusing appellant of aggravated sexual assault of a child were
consolidated for trial. A jury found appellant guilty and assessed punishment in each cause at
imprisonment for seventy-six years and a $10,000 fine. Act of May 26, 1987, 70th Leg., R.S.,
ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S.,
ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended).

 In his first point of error, appellant contends that the complaining witness, who was
six years old at the time of trial, was not competent to testify. A child is incompetent to testify
if, upon examination by the court, the child appears to lack sufficient intellect to relate
transactions with respect to which the child is interrogated. Tex. R. Crim. Evid. 601. The issue
of a witness's competence is a question for the trial court and its ruling will not be disturbed on
appeal unless an abuse of discretion is shown by a review of the entire record, including the
witness's trial testimony. Hernandez v. State, 643 S.W.2d 397 (Tex. Crim. App. 1983); Watson
v. State, 596 S.W.2d 867 (Tex. Crim. App. 1980).

 In his brief, appellant complains of the leading nature of the prosecutor's questions
and points to evidence that the complainant discussed her testimony with the prosecutor prior to
trial. These matters go to the weight of the child's testimony, not to her competence to testify. 
We have examined the testimony of the complaining witness and find that she manifested a
capacity to observe and recall events and to understand questions and communicate answers. In
addition, she demonstrated an appreciation of her obligation to tell the truth. See Tex. R. Crim.
Evid. 603. The district court has not been shown to have abused its discretion by overruling
appellant's challenge to the competence of the complainant to testify. Point of error one is
overruled.

 Appellant's second point of error complains of the admission of State's exhibits six
and seven. The exhibits are certified copies of county criminal court documents that appear to
be combined docket sheets and judgments. The exhibits reflect that a Lee Albert Shaw was
convicted in 1990 of the misdemeanor offenses of driving while intoxicated and endangering a
child. Appellant multifariously complains that the exhibits should not have been admitted because
(1) neither exhibit was adequate to prove a conviction and (2) he was not shown to be the person
previously convicted.

 In support of the first contention, appellant cites an opinion by this Court in which
we held, in conformity to a holding by the Texas Supreme Court, that an abstract of the
defendant's driving record prepared by the custodian of records of the Department of Public
Safety was not sufficient to prove a previous conviction for driving while intoxicated. Gentile v.
State, 848 S.W.2d 359 (Tex. App.--Austin 1993, no pet.). The exhibits in question in these
causes, however, are not abstracts of court records, but are certified copies of the court records
themselves. Each exhibit recites that, on a specified date, the named defendant waived trial by
jury, entered a plea of guilty or no contest, was adjudged guilty by the court, and was sentenced
to a term of incarceration and a fine. Each bears the signature of the trial judge. We believe that
each exhibit is sufficient to demonstrate a conviction.

 Each exhibit bears what is identified as a print of the defendant's right index finger. 
An expert compared these prints to appellant's fingerprint and testified that they were identical. 
Such fingerprint comparisons are a well-accepted method for identifying the accused as the person
previously convicted. Cain v. State, 468 S.W.2d 856, 859 (Tex. Crim. App. 1971). 
Nevertheless, appellant argues that the evidence of identity is not sufficient because the
fingerprints on the two exhibits were not shown to belong to the person previously convicted. Beside the fingerprint on each exhibit is this certification: "I certify that I witnessed
the defendant place his fingerprints hereon, on this the ___ day of ______, 19__" followed by a
blank for the signature of a deputy county clerk. This certification is neither dated nor signed on
either exhibit. Also appearing beside the fingerprint on each exhibit is this statement:
"Fingerprint of Defendant's (Right)(Left) Index Finger" followed by a blank for the signature of
a deputy county clerk. This statement is signed on exhibit seven, but not on exhibit six. 
Appellant argues, without citation to pertinent authority, that the absence of these signatures and
dates rendered the exhibits inadmissible. We are not persuaded by this argument. We find that
the fingerprint on each exhibit is adequately identified as belonging to the person convicted. It
follows that appellant was shown to be the person previously convicted. Point of error two is
overruled.

 The judgments of conviction are affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed on All Causes

Filed: January 11, 1995

Do Not Publish