COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-368-CR

 

 

LARRY D. THROWER                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Larry D. Thrower
appeals from his conviction and life sentence for felony driving while
intoxicated.  Four of Appellant=s five points concern the two prior DWI convictions alleged in the
indictment for jurisdictional purposes. 
His fifth point concerns a Power Point presentation the State displayed
for the venire panel.  We affirm.








                                            Background

Appellant was charged by indictment
with felony DWI.  The indictment alleged
two prior DWI convictions for jurisdictional purposes.  The first alleged prior conviction was for
DWI in Montgomery County in cause number 91-07-0081-CR on August 7, 1991.  The second conviction was also for DWI and
also in Montgomery County in cause number 99-146587 on September 21, 1999.  Appellant pleaded Anot guilty@ to the
present DWI offense and Anot true@ to the prior convictions. 

Appellant stipulated that he
was the defendant in the 1991 conviction. 
To prove that he was the defendant in the 1999 conviction, the State
offered two exhibits, numbered 1 and 5. 
Exhibit 1 comprises certified copies of records relating to the 1999
conviction, including a written plea of guilty/nolo contendere, the judgment,
and written conditions of community supervision.  All of the documents name the defendant as ALarry Thrower.@  The written plea recites his age as 52
years.  The judgment bears the defendant=s thumbprint, but the State did not attempt to match the print to
Appellant through expert testimony.  One
of the conditions of community service required the defendant to complete a DWI
repeat-offender education program.








Exhibit 5 is a certified,
redacted copy of Appellant=s driver=s license
record from the Texas Department of Public Safety.  Appellant concedes that the driving record is
his.[2]  The record does not list the 1999 conviction,
but states, AOn 06-16-00
DWI EDUCATION PROGRAM COMPLETED, in MONTGOMERY County, Texas, County Court,
Docket Number 0099146587.@  The record contains a copy of Appellant=s driver=s license,
which recites his date of birth as August 31, 1947.

                                             Discussion

In his first point, Appellant
argues that the evidence is legally and factually insufficient to prove beyond
a reasonable doubt that he is the defendant in the 1999 conviction.  We disagree.








When reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  When reviewing the factual sufficiency of the
evidence to support a conviction, we are to view all the evidence in a neutral
light, favoring neither party.  See
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the
fact finder was rationally justified in finding guilt beyond a reasonable doubt.  Id. at 484. 

A person may be charged with
felony DWI if he has two previous convictions for DWI.  Tex.
Penal Code Ann. ' 49.09(b)
(Vernon Supp. 2005).  In a felony DWI,
the two prior DWI offenses are necessary elements of the offense of felony DWI;
they are jurisdictional, as opposed to mere enhancement allegations.  See Martin v. State, 2006 WL 1750891, at
*2-3 (Tex. Crim. App. June 28, 2006).  Therefore, to obtain a conviction for felony
DWI, the State must prove the two prior DWI convictions at the guilt-innocence
stage of trial.  See id.  When proof of a prior conviction is a
jurisdictional elementCsuch as in a
felony DWICthe fact of
the prior conviction must be proven beyond a reasonable doubt.  Zimmer v. State, 989 S.W.2d 48, 50
(Tex. App.CSan Antonio
1998, pet. ref=d).








To prove a defendant has been
convicted previously, the State must prove both (1) a prior conviction and (2)
that the defendant is linked to that conviction.  Banks v. State, 158 S.W.3d 649, 651 (Tex.
App.CHouston [14th Dist.] 2005, pet. ref=d).  A prior conviction can be
proved only by a properly certified judgment and sentence or their functional
equivalent.  Langston v. State,
776 S.W.2d 586, 587-88 (Tex. Crim. App. 1989); Banks, 158 S.W.3d at
652.  There are several ways to link a
defendant to a prior conviction, including through (1) witness testimony
identifying the accused as the same person previously convicted, (2) a judicial
stipulation by the defendant, (3) the introduction of certified copies of the
judgment and sentence containing the defendant=s fingerprints, supported by expert testimony identifying the prints
as the defendant=s, and (4)
the introduction of a photograph or detailed description of the person in the
documents showing the prior conviction that can be compared with the accused=s appearance.  Littles v.
State, 726 S.W.2d 26, 31-32 & n.1 (Tex. Crim. App. 1984) (op. on reh=g).   These methods are not
exclusive, however; whether sufficient links are present is determined on a
case-by-case basis.  Human v. State,
749 S.W.2d 832, 835 (Tex. Crim. App. 1988); Littles, 726 S.W.2d at 31. 

[O]rdinarily the proof that
is adduced to establish that the defendant on trial is one and the same person
that is named in an alleged prior criminal conviction or convictions closely
resembles pieces of a jigsaw puzzle.  The
pieces standing alone usually have little meaning.  However, when the pieces are fitted together,
they usually form the picture of the person who committed the alleged prior
conviction or convictions.

Human, 749
S.W.2d at 835-36.








In this case, Appellant=s driving record links him to the 1999 conviction as follows: The
conviction records recite the defendant=s age as 52 on September 21, 1999; the driving record recites a date
of birth of August 31, 1947, which means Appellant was 52 years old on
September 21, 1999.  The conviction
records state that the court ordered the defendant to attend a DWI education
program; the driving record states that Appellant completed a DWI education
program on June 16, 2000.  The driving
record also states that the DWI education program was connected to Montgomery
County Court docket number 0099146587, the same county, court, and docket
number reflected in the conviction records.

Other courts have deemed
similar evidence sufficient to link a defendant to a prior conviction by way of
a driving record.  See, e.g., Chamblee
v. State, 376 S.W.2d 757, 757-58 (Tex. Crim. App. 1964) (holding evidence
sufficient where driving record and record of conviction recited same county,
court, cause number, and date of conviction); Williams v. State, 946
S.W.2d 886, 895 (Tex. App.CWaco 1997, no pet.) (holding driving record containing cause number
and date of prior conviction sufficient to link conviction to appellant); Spaulding
v. State, 896 S.W.2d 587, 591 (Tex. App.C[Houston 1st Dist.] 1995, no pet.) (holding evidence sufficient where
driving record included list of prior convictions).








Appellant argues that absent
a specific notation in his driving record stating that he was convicted in
cause number 99-146587 on September 21, 1999, the driving record is
insufficient to link him to the conviction. 
In support of this argument, Appellant cites Gentile v. State,
848 S.W.2d 359 (Tex. App.CAustin 1993,
no pet.).  Gentile is inapposite
because in that case, the State attempted to prove a prior conviction by the
defendant=s driving
record alone, without offering a copy of the records relating to the conviction
itself.  Id. at 360.  In this case, as in Chamblee, Williams,
and Spaulding, the State proved the fact of the conviction with
certified copies of the judgment and related documents and linked the
conviction to Appellant through his driving record.








The distinction between our
case and Gentile is crucial.  The
driving record does not prove the existence of conviction.  Rather, the driving record simply provides
the external link that connects the defendant in the conviction to the
defendant on trial.  As such, the driving
record need not recite every detail of the conviction; it is enough that the
driving record contain information sufficient to connect the defendant to the
prior conviction.[3]

Considering the evidence in
the light most favorable to the verdict, we hold that a rational trier of fact
could conclude from the cause number, the county and court of conviction, the
reference to the DWI education program, and Appellant=s date of birth as recited in the driving record, [JFM1] which
Appellant concedes is his driving record, that Appellant was the defendant in
the 1999 conviction.  The evidence is,
therefore, legally sufficient to link Appellant to the conviction.  Viewing the evidence in a neutral light, we
hold that it is also factually sufficient. 
We overrule Appellant=s first point.








In his second point,
Appellant argues that the trial court abused its discretion by admitting the
driving record and records of the 1999 conviction into evidence because those
documents failed to show that Appellant was the defendant in the 1999
conviction.  Having determined that the
evidence was sufficient to link the Appellant to the 1999 conviction through
his driving record, we overrule his second point.

In his third point, Appellant
argues that the trial court abused its discretion by admitting his driving
record into evidence because it contains a reference to an extraneous 1993 DWI
conviction.  That State argues that
Appellant failed to preserve this complaint for appellate review.  To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  At trial, Appellant did not object to the driving record on the basis
of the extraneous 1993 conviction.  We
therefore hold that he failed to preserve this complaint for our review and
overrule his third point.








In his fourth point,
Appellant argues that without the intervening 1999 DWI conviction, the 1991 DWI
conviction was too remote in time to jurisdictionally enhance the present
offense.[4]  We have already held that the trial court did
not err by admitting the records of the 1999 conviction and that the driving
record linked Appellant to that conviction. 
Therefore, we overrule his fourth point as moot.

In his fifth point, Appellant
argues that the trial court erred by permitting the State to Ainform the jury [panel] during voir dire of the specific [punishment]
enhancement paragraphs.@  The gist of Appellant=s argument is that the State showed the panel a Power Point slide that
allegedly stated that the range of Apunishment in this case@ was twenty-five to ninety-nine years or life.  Appellant argues that this improperly
informed the panel that Appellant had served two prior penitentiary
sentences.  The State argues that
Appellant waived this compliant by failing to make a timely objection at trial
and by failing to include the Power Point slide in the record.








We glean from the record that
the State showed the panel a series of Power Point slides that set out the
range of punishment for DWI in a variety of scenarios.  The prosecutor questioned the panel about the
fairness of enhancing punishment to a range of twenty-five years= to life imprisonment based on prior penitentiary sentences in a
hypothetical case.  After the prosecutor
questioned the panel for a period of time represented by five pages in the
record, Appellant=s counsel
stated that he had an objection; an unrecorded bench conference followed.  Later, when the panel was absent during a
break, Appellant=s counsel
stated that one of the State=s slides indicated that the range of punishment Ain this case@ was
twenty-five to ninety-nine years= or life imprisonment, implying that Appellant actually had two prior
penitentiary sentences instead of posing a hypothetical possibility.  Counsel objected that the slide Apoisoned the jury, and I move for a mistrial because of that.@  The trial court noted that it
had asked counsel before voir dire whether counsel had any objection to the
State=s Power Point presentation, and that counsel said he had none.  Appellant=s counsel agreed with the trial court=s recollection.  The trial court
then ruled that Appellant=s objection
was untimely and noted that even if it had been timely, the court would
overrule it. 








To preserve error for review,
an
objection must be made as soon as the basis for the objection becomes
apparent.  Tex. R. Evid. 103(a)(1); Lagrone v. State, 942 S.W.2d
602, 618 (Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997); Polk
v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  It appears that Appellant had the opportunity
to review the Power Point slides before voir dire and affirmatively stated that
he had no objection to the slides. 
Moreover, while we cannot judge from the record exactly when the
offending slide was first displayed to the panel, we infer that the slide was
on display for some time before Appellant=s counsel first
objected and asked for a bench conference. 
Under these circumstance, we cannot say that the trial court erred by
ruling that Appellant=s objection was untimely, and we hold that
Appellant=s untimely objection failed to preserve
his complaint for our review.  We
therefore overrule his fifth point.

                                                     Conclusion

Having overruled Appellant=s five points, we
affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 3, 2006











[1]See Tex. R. App. P. 47.4.





[2]Appellant=s
concession renders moot the parties= arguments about whether the
photograph contained in Exhibit 5 is clear enough to permit the jury to
identify Appellant.  The only purpose the
photograph could serve was to match Appellant to the driver=s
license record; it could not serve as a link between Appellant and the 1999
conviction record, which contained no photograph or physical description.





[3]Appellant
also cites this court=s
opinion in Hook v. State and criticizes the State=s
attempt at trial to distinguish Hook from the present case.  See Hook v. State, No. 2-04-314-CR,
2005 WL 1542659 (Tex. App.CFort Worth June 30, 2005, no
pet.) (mem. op.) (not designated for publication).  In Hooks, we held that the evidence
was insufficient to prove a prior conviction for reckless driving where the
only evidence connecting the defendant to the prior conviction was his name and
the date of the offense.  Id. at
*2.  Thus, this case is indeed
distinguishable from Hook because Appellant=s
driving record provides the critical link between the Appellant and the prior
conviction.





[4]The
applicable version of penal code section 49.09 provided that a prior DWI
conviction could not be used for enhancement if the conviction was final for an
offense committed more than ten years before the present offense was committed
and the person had not been convicted of another DWI offense in the intervening
ten years.  See Act of May 29,
1993, 73rd Leg., R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws
3586, 3698, repealed by Act of May 25, 2005, 79th Leg., R.S., ch. 996, ' 3,
2005 Tex. Gen. Laws 3363, 3364.

 















 [JFM1]

Inserted per LAD 7/20/06