THROWER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-368-CR

LARRY D. THROWER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry D. Thrower appeals from his conviction and life sentence for felony driving while intoxicated.  Four of Appellant’s five points concern the two prior DWI convictions alleged in the indictment for jurisdictional purposes.  His fifth point concerns a Power Point presentation the State displayed for the venire panel.  We affirm.

Background

Appellant was charged by indictment with felony DWI.  The indictment alleged two prior DWI convictions for jurisdictional purposes.  The first alleged prior conviction was for DWI in Montgomery County in cause number 91-07-0081-CR on August 7, 1991.  The second conviction was also for DWI and also in Montgomery County in cause number 99-146587 on September 21, 1999.  Appellant pleaded “not guilty” to the present DWI offense and “not true” to the prior convictions. 

Appellant stipulated that he was the defendant in the 1991 conviction.  To prove that he was the defendant in the 1999 conviction, the State offered two exhibits, numbered 1 and 5.  Exhibit 1 comprises certified copies of records relating to the 1999 conviction, including a written plea of guilty/nolo contendere, the judgment, and written conditions of community supervision.  All of the documents name the defendant as “Larry Thrower.”  The written plea recites his age as 52 years.  The judgment bears the defendant’s thumbprint, but the State did not attempt to match the print to Appellant through expert testimony.  One of the conditions of community service required the defendant to complete a DWI repeat-offender education program.

Exhibit 5 is a certified, redacted copy of Appellant’s driver’s license record from the Texas Department of Public Safety.  Appellant concedes that the driving record is his.
(footnote: 2)  The record does not list the 1999 conviction, but states, “On 06-16-00 DWI EDUCATION PROGRAM COMPLETED, in MONTGOMERY County, Texas, County Court, Docket Number 0099146587.”  The record contains a copy of Appellant’s driver’s license, which recites his date of birth as August 31, 1947.

Discussion

In his first point, Appellant argues that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that he is the defendant in the 1999 conviction.  We disagree.

When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  When reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484. 

A person may be charged with felony DWI if he has two previous convictions for DWI.  
Tex. Penal Code Ann.
 § 49.09(b) (Vernon Supp. 2005).  
In a felony DWI, the two prior DWI offenses are necessary elements of the offense of felony DWI; they are jurisdictional, as opposed to mere enhancement allegations. 
 See Martin v. 
State, 2006 WL 1750891, at *2-3 (Tex. Crim. App. June 28, 2006)
. 
 
Therefore, to obtain a conviction for felony DWI, the State must prove the two prior DWI convictions at the guilt-innocence stage of trial.  
See id
.  
When proof of a prior conviction is a jurisdictional element—such as in a felony DWI—the fact of the prior conviction must be proven beyond a reasonable doubt.  
Zimmer v. State, 
989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref’d).

To prove a defendant has been convicted previously, the State must prove both (1) a prior conviction and (2) that the defendant is linked to that conviction. 
 Banks v. State,
 158 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d). 
 A prior conviction can be proved only by a properly certified judgment and sentence or their functional equivalent. 
 Langston v. State
, 776 S.W.2d 586, 587-88 (Tex. Crim. App. 1989); 
Banks
, 158 S.W.3d at 652. 
 There are several ways to link a defendant to a prior conviction, including through (1) witness testimony identifying the accused as the same person previously convicted, (2) a judicial stipulation by the defendant, (3) the introduction of certified copies of the judgment and sentence containing the defendant’s fingerprints, supported by expert testimony identifying the prints as the defendant’s, and (4) the introduction of a photograph or detailed description of the person in the documents showing the prior conviction that can be compared with the accused’s appearance. 
 Littles v. State,
 726 S.W.2d 26, 31-32 & n.1 (Tex. Crim. App. 1984) (op. on reh’g). 
  These methods are not exclusive, however; whether sufficient links are present is determined on a case-by-case basis. 
 Human v. State
, 749 S.W.2d 832, 835 (Tex. Crim. App. 1988); 
Littles
, 726 S.W.2d at 31.
 

[O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle.  The pieces standing alone usually have little meaning.  However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.

Human
, 749 S.W.2d at 835-36.

In this case, Appellant’s driving record links him to the 1999 conviction as follows: The conviction records recite the defendant’s age as 52 on September 21, 1999; the driving record recites a date of birth of August 31, 1947, which means Appellant was 52 years old on September 21, 1999.  The conviction records state that the court ordered the defendant to attend a DWI education program; the driving record states that Appellant completed a DWI education program on June 16, 2000.  The driving record also states that the DWI education program was connected to Montgomery County Court docket number 0099146587, the same county, court, and docket number reflected in the conviction records.

Other courts have deemed similar evidence sufficient to link a defendant to a prior conviction by way of a driving record.
  
See, e.g.
, 
Chamblee v. State,
 376 S.W.2d 757, 757-58 (Tex. Crim. App. 1964) (holding evidence sufficient where driving record and record of conviction recited same county, court, cause number, and date of conviction);
 
Williams v. State, 
946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.) (holding driving record containing cause number and date of prior conviction sufficient to link conviction to appellant); 
Spaulding v. State,
 896 S.W.2d 587, 591 (Tex. App.—[Houston 1st Dist.] 1995, no pet.) (holding evidence sufficient where driving record included list of prior convictions).

Appellant argues that absent a specific notation in his driving record stating that he was convicted in cause number 99-146587 on September 21, 1999, the driving record is insufficient to link him to the conviction.  In support of this argument, Appellant cites 
Gentile v. State
, 848 S.W.2d 359 (Tex. App.—Austin 1993, no pet.).  
Gentile
 is inapposite because in that case, the State attempted to prove a prior conviction by the defendant’s driving record alone, without offering a copy of the records relating to the conviction itself.  
Id.
 at 360.  In this case, as in 
Chamblee, Williams
, and 
Spaulding
, the State proved the fact of the conviction with certified copies of the judgment and related documents and linked the conviction to Appellant through his driving record.

The distinction between our case and 
Gentile
 is crucial.  The driving record does not prove the existence of conviction.  Rather, the driving record simply provides the external link that connects the defendant in the conviction to the defendant on trial.  As such, the driving record need not recite every detail of the conviction; it is enough that the driving record contain information sufficient to connect the defendant to the prior conviction.
(footnote: 3)
 Considering the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could conclude from the cause number, the county and court of conviction, the reference to the DWI education program, and Appellant’s date of birth as recited in the driving record, 
(comment: 1)which Appellant concedes is his driving record, that Appellant was the defendant in the 1999 conviction.  The evidence is, therefore, legally sufficient to link Appellant to the conviction.  Viewing the evidence in a neutral light, we hold that it is also factually sufficient.  We overrule Appellant’s first point.

In his second point, Appellant argues that the trial court abused its discretion by admitting the driving record and records of the 1999 conviction into evidence because those documents failed to show that Appellant was the defendant in the 1999 conviction.  Having determined that the evidence was sufficient to link the Appellant to the 1999 conviction through his driving record, we overrule his second point.

In his third point, Appellant argues that the trial court abused its discretion by admitting his driving record into evidence because it contains a reference to an extraneous 1993 DWI conviction.  That State argues that Appellant failed to preserve this complaint for appellate review.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  
At trial, Appellant did not object to the driving record on the basis of the extraneous 1993 conviction. 
 We therefore hold that he failed to preserve this complaint for our review and overrule his third point.

In his fourth point, Appellant argues that without the intervening 1999 DWI conviction, the 1991 DWI conviction was too remote in time to jurisdictionally enhance the present offense.
(footnote: 4)  We have already held that the trial court did not err by admitting the records of the 1999 conviction and that the driving record linked Appellant to that conviction.  Therefore, we overrule his fourth point as moot.

In his fifth point, Appellant argues that the trial court erred by permitting the State to “inform the jury [panel] during voir dire of the specific [punishment] enhancement paragraphs.”  The gist of Appellant’s argument is that the State showed the panel a Power Point slide that allegedly stated that the range of “punishment in this case” was twenty-five to ninety-nine years or life.  Appellant argues that this improperly informed the panel that Appellant had served two prior penitentiary sentences.  The State argues that Appellant waived this compliant by failing to make a timely objection at trial and by failing to include the Power Point slide in the record.

We glean from the record that the State showed the panel a series of Power Point slides that set out the range of punishment for DWI in a variety of scenarios.  The prosecutor questioned the panel about the fairness of enhancing punishment to a range of twenty-five years’ to life imprisonment based on prior penitentiary sentences in a hypothetical case.  After the prosecutor questioned the panel for a period of time represented by five pages in the record, Appellant’s counsel stated that he had an objection; an unrecorded bench conference followed.  Later, when the panel was absent during a break, Appellant’s counsel stated that one of the State’s slides indicated that the range of punishment “in this case” was twenty-five to ninety-nine years’ or life imprisonment, implying that Appellant actually had two prior penitentiary sentences instead of posing a hypothetical possibility.  Counsel objected that the slide “poisoned the jury, and I move for a mistrial because of that.”  The trial court noted that it had asked counsel before voir dire whether counsel had any objection to the State’s Power Point presentation, and that counsel said he had none.  Appellant’s counsel agreed with the trial court’s recollection.  The trial court then ruled that Appellant’s objection was untimely and noted that even if it had been timely, the court would overrule it. 

To preserve error for review, 
an objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  It appears that Appellant had the opportunity to review the Power Point slides before voir dire and affirmatively stated that he had no objection to the slides.  Moreover, while we cannot judge from the record exactly when the offending slide was first displayed to the panel, we infer that the slide was on display for some time before Appellant’s counsel first objected and asked for a bench conference.  Under these circumstance, we cannot say that the trial court erred by ruling that Appellant’s objection was untimely, and we hold that Appellant’s untimely objection failed to preserve his complaint for our review.  We therefore overrule his fifth point.

Conclusion

Having overruled Appellant’s five points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 3, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant’s concession renders moot the parties’ arguments about whether the photograph contained in Exhibit 5 is clear enough to permit the jury to identify Appellant.  The only purpose the photograph could serve was to match Appellant to the driver’s license record; it could not serve as a link between Appellant and the 1999 conviction record, which contained no photograph or physical description.

3:
Appellant also cites this court’s opinion in 
Hook v. State
 and criticizes the State’s attempt at trial to distinguish 
Hook
 from the present case.  
See Hook v. State
, No. 2-04-314-CR, 2005 WL 1542659 (Tex. App.—Fort Worth June 30, 2005, no pet.) (mem. op.) (not designated for publication).  In 
Hooks
, we held that the evidence was insufficient to prove a prior conviction for reckless driving where the only evidence connecting the defendant to the prior conviction was his name and the date of the offense.  
Id.
 at *2.  Thus, this case is indeed distinguishable from 
Hook
 because Appellant’s driving record provides the critical link between the Appellant and the prior conviction.

4:
The applicable version of penal code section 49.09 provided that a prior DWI conviction could not be used for enhancement if the conviction was final for an offense committed more than ten years before the present offense was committed and the person had not been convicted of another DWI offense in the intervening ten years.  
See
 Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698, 
repealed by
 Act of May 25, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364.

COMMENTS AND ANNOTATIONS
Comment 1:
Inserted per LAD 7/20/06