NUMBER 13-05-132-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RUDY GONZALES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 24th District Court of Jackson County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury convicted appellant, Rudy Gonzales, of felony driving while intoxicated
("DWI"). (1) The jury assessed punishment of six years' imprisonment and a $5,000 fine, and
recommended that the trial court suspend both. The trial court sentenced appellant to six
years' imprisonment, suspended the $5,000 fine, and placed appellant on community
supervision for a period of ten years. (2) By his first issue, appellant contends the trial court
erred in permitting his 1987 DWI conviction to be used to enhance the present offense to
felony DWI because it was too remote. Appellant argues that more than ten years elapsed
between 1989, when his two-year probation for the 1987 offense ended, and 2000, the
date of his second DWI conviction. (3) By his second issue, appellant contends the trial court
erred in allowing the State to ask a highly prejudicial hypothetical question. We conclude
that the 1987 offense was not a final conviction and could not be used to enhance the
current offense to a felony offense. We therefore reverse the judgment and render a
judgment of acquittal. 

Background


 On February 16, 2002, appellant was arrested for DWI. The State indicted him for
felony DWI, alleging that appellant had two prior DWI convictions: one in November 1987
and a second in January 2000. (4) Under the statute, the State was required to prove
appellant had two prior convictions in order to elevate the current DWI offense to a felony. (5) 
Appellant filed a pretrial motion to quash the indictment, arguing that the 1987 offense
could not be used for enhancement purposes because it "was probated and there was no
finding of guilt" and was "too remote." Specifically, appellant argued that the 1987 offense
could not be used for enhancement because his two-year period of community supervision
for the 1987 offense ended in 1989, resulting in a lapse of more than ten years between
1989 and his conviction for the 2000 offense. The State argued that because a motion to
revoke was filed before the two-year community supervision period ended, the period of
community supervision was extended until July 24, 1991, when appellant was actually
discharged from community supervision. According to the State, because the date of
appellant's discharge (1991) was within ten years of his 2000 conviction, the 1987 offense
could be used for enhancement. The trial court agreed with the State and overruled
appellant's motion to quash. (6) 

Standard of Review and Applicable Law 


 The two prior intoxication-related offenses referred to in section 49.09(b)(2) are
elements of the offense of felony DWI. (7) Proof of the prior misdemeanor convictions was
essential in proving the felony, and, in its absence, the evidence was insufficient to support
the felony conviction. (8) To carry its burden of establishing the two prior convictions, the
State was required to make a prima facie showing of the validity of the prior convictions. (9) 
To make such a prima facie showing, the State must prove that the prior convictions were
reflected in final judgments entered pursuant to article 42.01 of the code of criminal
procedure. (10) Because appellant is challenging the use of his 1987 conviction--an essential
element of his conviction for felony DWI--we construe his claim as a challenge to the legal
sufficiency of the evidence supporting his conviction. (11) Evidence is legally insufficient if,
when viewed in a light most favorable to the verdict, a rational jury could not have found
each element of the offense beyond a reasonable doubt. (12) The legal sufficiency of the
evidence is measured against the elements of the offense as defined by a hypothetically
correct jury charge for the case. (13)

Analysis

 By his first issue, appellant makes the same argument that he made to the trial court
at his motion-to-quash hearing: that his 1987 conviction was unavailable for enhancement
because more than ten years had elapsed between the expiration of his community
supervision for that offense in 1989 and his conviction in 2000. In response, the State
makes the same argument that it made to the trial court at the motion-to-quash hearing: 
that the date of appellant's discharge from community supervision--which did not occur
until 1991--is the controlling date for finality of the 1987 conviction, and therefore, the 1987
conviction occurred within ten years of the 2000 conviction under the statute and may be
used for enhancement of the current offense. 

 We conclude that we need not apply Getts to determine the "latest" date for
calculating the ten-year period under former section 49.09(e) because there was no final
conviction for appellant's 1987 offense, and it is therefore unavailable for enhancement
purposes. 

 During the State's case-in-chief, the State introduced State's Exhibit #7, which
included the purported judgment for appellant's 1987 DWI. The document states that
appellant pleaded "guilty" and that "it is considered and adjudged by the Court that the
Defendant is guilty as charged in the information of the offense of driving while intoxicated." 
The next paragraph states that appellant will be granted probation. The following
paragraph states: "IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that
the finding of guilty herein shall not be final, that no judgment be rendered thereon, and
that Defendant be, and is hereby placed on probation in this cause for a period of two
years . . . ." (14) In State v. Kindred, 773 S.W.2d 766, 767-68 (Tex. App.-Corpus Christi
1989, no pet.), this Court, relying on Savant v. State, 535 S.W.2d 190, 191-92 (Tex. Crim.
App. 1976), held that instruments containing exactly the same language "[did] not contain
adjudications of guilt, and therefore, [were] not judgments." (15) The language at issue in
Kindred--and the language in the purported judgment here--is very similar to the language 
that the court of criminal appeals found insufficient to constitute a judgment in Savant. (16) 
The court of criminal appeals held that because the instrument did not contain an
adjudication of guilt, it was not a judgment. (17)

 The language in appellant's 1987 purported judgment is identical to the language
we found insufficient to constitute a judgment in Kindred. (18) As in Kindred, we hold that the
instrument offered by the State to establish appellant's 1987 prior conviction is insufficient
to constitute a judgment. Because the State failed to carry its burden of establishing two
prior convictions, we hold the evidence is insufficient to support appellant's conviction for
felony DWI. 

 Accordingly, the trial court's judgment is reversed and an order of acquittal is
rendered. (19) Because of our disposition of appellant's first issue, we need not address
appellant's remaining issue. (20) 


 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 3rd day of April, 2008.

1. See Tex. Penal Code Ann. § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2007). 
2. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4 (Vernon Supp. 2007). We note that appellant was
sentenced under a prior version of the statute, but because the revisions are not pertinent to this appeal, we
cite to the current version of the statute.
3. The "ten-year rule" contained in former section 49.09(e) of the penal code prohibits the use of a prior
DWI conviction for enhancement if the defendant committed the charged DWI more than ten years after the
judgment date of the prior DWI and if the person was not convicted of another DWI within that ten-year period. 
See Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Sess. Law Serv. 1141-42, repealed by Act
of June 18, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Sess. Law Serv. 3365, 3366. The date of the
judgment for the previous conviction is one of four possible times from which the ten-year periods are
measured. Former section 49.09(e), applicable to appellant, provided:


(e) Except as provided by Subsection (f), a conviction may not be used for purposes of
enhancement under this section if:


(1) the conviction was a final conviction under Subsection (d); 


(2) the offense for which the person is being tried was committed more than 10 years after 
the latest of:


(A) the date on which the judgment was entered for the previous conviction;


(B) the date on which the person was discharged from any period of community
supervision on which the person was placed for the previous conviction;


(C) the date on which the person successfully completed any period of parole on
which the person was released after serving a portion of the term to which the
person was sentenced for the previous conviction; or


(D) the date on which the person completed serving any term for which the person
was confined or imprisoned for the previous conviction; and 


(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06,
49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated
within 10 years of the latest date under Subdivision (2).


Id.
4. The indictment read as follows:


The Grand Jurors . . . present . . . that . . . RUDY GONZALES, on or about the 16th day of
February, A.D., 2002, . . . did then and there unlawfully while not having the normal use of
his mental or physical faculties by reason of the introduction of alcohol and/or a controlled
substance and/or drugs and/or a combination of two or more of those substances into the
body and/or having an alcohol concentration of .08 or more, as measured by the number of
grams of alcohol per 100 milliliters of blood and/or the number of grams of alcohol per 210
liters of breath and/or the number of grams of alcohol per 67 milliliters of urine, drive and
operate a motor vehicle in a public place.


And the said RUDY GONZALES had previously been convicted two or more times for the
offense of driving and operating a motor vehicle while intoxicated in a public place and upon
a public road, to-wit:


(1) in Cause No. 10,153 of the county Court of Colorado County, Texas, on the 23rd day of
November, 1987; and 


(2) in Cause No. 14,915 of the County Court of Colorado County, Texas, on the 18th day of
January, 2000. 
5. See Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2007). 
6. At the motion-to-quash hearing on February 7, 2005, appellant's counsel cited Getts v. State, 155
S.W.3d 153 (Tex. Crim. App. 2005), issued on January 26, 2005. In Getts, the Texas Court of Criminal
Appeals explained the application of the ten-year rule in former section 49.09(e). Getts, 155 S.W.3d at 156-57. In order to exclude a prior conviction from use for enhancement, the three conditions of section 49.09(e)
must be met: (1) the prior conviction must be final; (2) the current offense must have been committed more
than ten years after the latest date determined under subdivision 49.09(e)(2); and (3) the defendant must not
have been convicted of any other intoxication-related offense within ten years of the latest date under
subdivision (2). Id. The latest date under subdivision (2) is the later of the date of judgment of the prior
conviction, the date of discharge from community supervision, the date of completion of parole, or the date
the defendant completed serving a term of confinement or imprisonment for the prior conviction. Id. at 156;
see Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Sess. Law Serv. 1141-42, repealed by Act
of June 18, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Sess. Law Serv. 3365, 3366;.
7. Martin v. State, 200 S.W.3d 635, 641 (Tex. Crim. App. 2006) ("The law that applies to any felony
DWI offense includes the jurisdictional element of two prior DWI convictions."); Gibson v. State, 995 S.W.2d
693, 696 (Tex. Crim. App. 1999); Mapes v. State, 187 S.W.3d 655, 658 (Tex. App.-Houston [14th Dist.] 2006,
pet. ref'd); Uriega v. State, 136 S.W.3d 258, 259 (Tex. App.-San Antonio 2004, pet. ref'd); State v. Kindred,
773 S.W.2d 766, 768 (Tex. App.-Corpus Christi 1989, no pet.). 
8. See Mosqueda v. State, 936 S.W.2d 714, 717 (Tex. App.-Fort Worth 1996, no pet.). 
9. Id. at 716. 
10. Tex. Code Crim. Proc. Ann. art. 42.01 (Vernon 2006) (listing the requirements of a judgment);
Mosqueda, 936 S.W.2d at 716. 
11. See Mosqueda, 936 S.W.2d at 717.
12. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996).
13. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).
14. Emphasis added.
15. Kindred, 773 S.W.2d at 768.
16. In Savant, the purported judgment contained the following language: "It is therefore CONSIDERED,
ORDERED AND ADJUDGED that the Verdict and finding of guilty herein shall not be final, that no Judgment
be rendered thereon, . . . ." Savant v. State, 535 S.W.2d 190, 191-92 (Tex. Crim. App. 1976).
17. Id. We also note that several of our sister courts have reached the same conclusion. See, e.g.,
Ramirez v. State, No. 07-96-0147-CR, 1997 Tex. App. LEXIS 5049, at **3-8 (Tex. App.-Amarillo 1997, pet.
dism'd) (not designated for publication) (finding purported judgment containing language similar to that in
Savant insufficient to establish prior conviction); Mosqueda, 936 S.W.2d at 715-16 (following Savant and
Kindred finding nearly identical language insufficient to constitute judgment); McFarland v. State, 727 S.W.2d
43, 45 (Tex. App.-San Antonio 1987, no pet.) (following Savant in finding identical language in purported
judgment defective). But see Williamson v. State, 46 S.W.3d 463, 465-66 (Tex. App.-Dallas 2001, no pet.)
(citing Rizo v. State, 963 S.W.2d 137, 138 (Tex. App.-Eastland 1998, no pet.) and construing language
identical to that in Savant, but distinguishing Savant and Kindred and declining to follow Mosqueda); but see
also Gibson v. State, No. 05-99-01309-CR, 2000 Tex. App. LEXIS 6921, at *12 (Tex. App.-Dallas 2000, pet.
ref'd) (not designated for publication) (finding Kindred, Savant, and Mosqueda distinguishable). 
18. See Kindred, 773 S.W.2d at 767-68. 
19. We note that the jury charge did not authorize appellant's conviction for the lesser-included offense
of misdemeanor DWI with one prior conviction. Thus, we have no authority to reform the judgment to reflect
conviction on the lesser-included offense. See Mosqueda, 936 S.W.2d at 717 (citing Gentile v. State, 848
S.W.2d 359, 360-61 (Tex. App.-Austin 1993, no pet.) and Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim.
App. 1993)).
20. See Tex. R. App. P. 47.1.