

# NUMBER 13-11-00642-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DAVID RAY ATWOOD,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 435th District Court
### of Montgomery, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

By one issue, appellant David Ray Atwood asserts that insufficient evidence links him to two prior misdemeanor driving while intoxicated convictions for purposes of making his current driving while intoxicated conviction a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04 (West Supp. 2011); 49.09 (West Supp. 2011). We affirm.

# I.    BACKGROUND[1]

On February 26, 2010, police in Montgomery County arrested Atwood for driving while intoxicated (DWI) after his vehicle came to a stop following four separate collisions along a four-mile span of roads which included: crashing into another automobile, running over two residential mailboxes, and ultimately, colliding into a tree.

The State indicted and re-indicted Atwood for DWI (third or more), a third-degree felony. *See id.* In its indictment, the State alleged that Atwood had three prior convictions for operating a motor vehicle while intoxicated, one dating back to 1991 and the other two to 1983.

At trial, a Montgomery County jury found Atwood guilty of DWI (third or more).[2] During the punishment phase, the jury found six separate enhancement paragraphs true and sentenced Atwood to fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division. This appeal ensued.

## II.    SECTION 49.09 DWI FELONY ENHANCEMENT

By his sole issue on appeal, Atwood contends that insufficient evidence links him to two prior misdemeanor DWI convictions for purposes of making his current driving while intoxicated conviction a third-degree felony under penal code section 49.09.

### A. Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether "any rational trier of fact could have

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] In addition to the underlying driving while intoxicated charge, the State presented evidence of a 1983 driving while intoxicated conviction from Harris County and a 1991 driving while intoxicated conviction from Montgomery County.

found the essential elements of the crime beyond a reasonable doubt." *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (citing *Brooks v. State*, 323 S.W.3d 893, 902 (plurality op.)); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury. *Montgomery*, 369 S.W.3d at 192. Thus, our duty is "simply to ensure that the evidence presented supports the jury's verdict and that the state has presented a legally sufficient case of the offense charged." *Id.* (internal citations omitted). When faced with a record supporting contradicting inferences, we must presume that the jury resolved such conflicts in favor of the verdict, even if not explicitly stated in the record. *Id.* (citing *Brooks*, 323 S.W.3d at 899 n.13).

The elements of the offense are measured as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

To have a legally sufficient felony enhancement of a driving while intoxicated charge, the State must show that the defendant has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b)(1). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior

3

conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

The *Flowers* Court noted that Texas law does not require "that the fact of a prior conviction be proven in a specific manner," and "any type of evidence, documentary or testimonial, may suffice." *Id.* In its decision, the court of criminal appeals likened the process of proving up a prior conviction to evidentiary pieces to a jigsaw puzzle and left the ultimate decision of whether these "pieces fit together sufficiently to complete the puzzle" with the trier of fact under the totality of the evidence. *See id.* at 923. A certified copy of a defendant's driving record, standing alone, is insufficient to prove prior convictions. *See Gentile v. State*, 848 S.W.2d 359, 360 (Tex. App.—Austin 1993, no writ) (holding that a driving record is "only what it purports to prove: that the department has received the listed notices of conviction."); *but see Flowers*, 220 S.W.3d at 923–24 (holding that a driving record in combination with a matching computer printout from the county clerk's office that set out the prior DWI conviction was legally sufficient).

### B. Discussion

In this case, the State offered several "pieces" to the jigsaw puzzle to prove prior convictions including: (1) a copy of the DIC-24 post-arrest statutory warning form that was read to Atwood which includes his Texas driver's license number and date of birth; (2) a certified copy of Atwood's Texas Department of Public Safety driving record, with matching driver's license number and date of birth, that shows a 1991 and a 1983 driving while intoxicated conviction with corresponding cause numbers; (3) judgments for each corresponding conviction with matching cause numbers, courts, and conviction dates;[3]

---

[3] The 1983 judgment does not contain a fingerprint, date of birth, or any other identification except

4

(4) a certified copy of a "pen packet" from the Texas Department of Criminal Justice, with Atwood's photograph and fingerprints, listed under cause number 91-06-00756-CR that is referenced in Atwood's 1991 driving while intoxicated judgment;[4] and (5) testimony from Texas Department of Public Safety Officer Jeremy McGilbery that a driver's license number is a unique number that is assigned to a person.

While it is conceivable here that there are two men named David Ray Atwood with the same date of birth, living at the same address, with same personal descriptors, like the court of criminal appeals succinctly articulated in *Flowers*: it is not likely. *See* 220 S.W.3d at 925. Accordingly, we conclude that a rational trier of fact could have found beyond a reasonable doubt that two prior misdemeanor DWI charges existed and legally sufficient evidence links Atwood to those charges. *See Montgomery*, 369 S.W.3d at 192.

Atwood's sole issue is overruled.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
4th day of April, 2013.

_____

Atwood's name, cause number, and date of conviction, all listed in the certified copy of Atwood's driving record.

[4] The 1991 DWI judgment identifies Atwood only through a faded right index finger print. The judgment does, however, reference the cause number listed in subsection four and states that Atwood's conviction for the 1991 DWI charge will "run concurrent to" the other charge.